On Application for Rehearing

PER CURIAM.
The opinion of October 15, 1993, is withdrawn and the following opinion is substituted therefor.
This Court granted the State’s petition for a writ of certiorari, to review the question whether a criminal defendant is precluded from raising, in a post-conviction proceeding, a defect in the Boykin colloquy,[1] specifically, the failure of the trial judge to properly advise the defendant of the maximum sentence he could receive if he entered a plea of guilty. See, Rule 14.4(a)(1), Ala.R.Crim.P. Stated differently, the question is: If the trial judge fails to strictly comply with the procedural requirements for the entry of a guilty plea, must the defendant seek to withdraw the plea of guilty and give the trial judge an opportunity to pass on any claimed error in the process and thereby establish in the record the error in question in the event of an appeal, or can the defendant raise the question in a timely filed post-conviction proceeding?
The facts necessary to a resolution of this question are sufficiently set out in Judge Patterson’s opinion for the Court of Criminal Appeals, Cantu v. State, 660 So.2d 1024 (Ala.Crim.App.1992), but we set forth some of the basic facts here also. Ignacio Cantu pleaded guilty to trafficking in cocaine, a violation of § 13A-12-231(2)(c), Ala.Code 1975, and was *1027 sentenced to 25 years’ imprisonment and fined $250,000. Cantu did not appeal, but he later filed a petition seeking post-conviction relief pursuant to Rule 32, Ala.R.Crim.P. In his petition, Cantu alleged that his guilty plea had not been made voluntarily with an understanding of the consequences of his plea; that the circuit court had been without jurisdiction to render a judgment against him or to impose a sentence; and that he had been denied effective assistance of counsel.
Cantu alleged that he had pleaded guilty only after he had been advised by his counsel that the maximum sentence that could be imposed against him was life imprisonment without parole; however, the actual maximum sentence that the trial court could have imposed was 99 years or life imprisonment. The State moved to dismiss, arguing that Cantu was precluded from pursuing his claims because, it argued, they should have been raised on direct appeal. The circuit court apparently agreed; it dismissed Cantu’s Rule 32 petition. Cantu appealed.
On appeal, the Court of Criminal Appeals, by opinion, remanded the cause and allowed Cantu to amend his petition, pursuant to Rule 32.6(a), Ala.R.Crim.P., and ordered an adjudication on the merits on Cantu’s claim of ineffective assistance of counsel. Cantu v. State, 587 So.2d 1287 (Ala.Crim.App.1991). Cantu then amended his Rule 32 petition and, after a hearing thereon, the circuit court denied the petition. Cantu again appealed; the Court of Criminal Appeals reversed, stating, “Because Cantu was misinformed of the applicable maximum sentence, this cause must be remanded to the circuit court with the order that Cantu’s conviction be ‘reversed,’ in accordance with Ex parte Rivers, 597 So.2d 1308 (Ala.1991).” Cantu v. State, 660 So.2d 1024, 1025 (Ala.Crim.App.1992). The State’s application for rehearing was overruled, and the State petitioned for certio-rari review.
In Parish v. State, 660 So.2d 227 (Ala.Crim.App.1993), the Court of Criminal Appeals referred frequently to Ex parte Rivers, 597 So.2d 1308 (Ala.1991), and stated that this Court in Rivers had established what appeared to be a new rule that was “a departure from case law.” 660 So.2d at 229-30. Judge Patterson observed specifically in Parish:
“However, the Alabama Supreme Court in Ex parte Rivers, 597 So.2d 1308 (Ala.1991), in effect, announced a different rule regarding preservation of the issue of whether the appellant had been properly advised of the applicable sentence range before pleading guilty. In that case, the appellant, contesting the validity of his guilty pleas in an A.R.Cr.P.Temp. 20 petition, alleged, in part, that ‘he [had not been] properly informed of the maximum and minimum sentences so as to allow his plea to be knowingly and voluntarily given,’ id. at 1309. In an unpublished memorandum, we had held that our review of this issue was procedurally barred. 586 So.2d 307. After reiterating that ‘a defendant must be informed of the maximum and minimum possible sentences as an absolute constitutional prerequisite to the acceptance of a guilty plea,’ 597 So.2d at 1309, the Rivers court characterized the remaining issue as follows: ‘The State contends, and the Court of Criminal Appeals agreed, that Rivers failed to preserve the issue of ... the illegality of his sentencing for appeal by failing to raise it at trial,’ id. at 1310 [emphasis added in Parish ]. The court, in disagreeing with our holding, relied on the following language in Ex parte Brannon, 547 So.2d 68, 68 (Ala.1989):
“ ‘[W]hen a sentence is clearly illegal or is clearly not authorized by statute, the defendant does not need to object at the trial level in order to preserve that issue for appellate review. See Bartone v. United States, 375 U.S. 52 [84 S.Ct. 21, 11 L.Ed.2d 11] ... (1963). Indeed, the illegality of a defendant’s sentence is a ground specified in Rule 20, Ala.R.Crim.P. [Temp.], for a collateral post-conviction remedy.’
“Finding that the issue was not precluded, the court remanded the case with the instruction that Rivers’s convictions be reversed, holding that ‘[b]eeause Rivers was not informed of the minimum possible sentence in his cases, prior to his plea of guilty, his guilty plea was not knowingly, *1028 voluntarily, and intelligently given,’ 597 So.2d at 1310.
“Apparently, the Rivers court considered that the trial court’s failure to correctly advise Rivers of the minimum possible sentences resulted in the trial court’s lack of jurisdiction. This appears to be a departure from case law. As far as we are aware, a lack of information or misinformation about the sentencing consequences of pleading guilty has always been treated in the context of the voluntariness of the plea^ — not in the context of jurisdiction. See, e.g., Carter v. State, 291 Ala. 83, 84, 277 So.2d 896, 897 (1973) (court stated that ‘[o]ur inquiry focuses upon whether the appellant’s guilty plea was “intelligent and voluntary,” as required by Boykin v. Alabama, 395 U.S. 238 [89 S.Ct. 1709, 23 L.Ed.2d 274] ... (1969) [, where the a]p-pellant argues that he was not advised on the record what the minimum and maximum punishments for his offense would be’).”
660 So.2d at 229-30 (emphasis added in Parish).
In its opinion in this ease, the Court of Criminal Appeals analyzed some of the case law relating to the preservation of claimed error in matters relating to pleas of guilty and, citing its later-withdrawn opinion of September 30, 1992, in Parish v. State, stated that it is “uncertain as to how and to what circumstances the Rivers rule should be applied,” 660 So.2d at 1025, but concluded that “because Cantu was not correctly informed of the maximum sentence, his sentence is void, and, in accordance with Rivers, 597 So.2d at 1310, his conviction must be reversed and the cause remanded for further proceedings.”[2] 660 So.2d at 1025.
We agree with the State’s argument that the ease law is conflicting as to when and under what circumstances a defendant is precluded from raising, on appeal, or in a post-conviction proceeding when there was no appeal, as here, a failure of the trial judge to follow the procedural requirements for the entry of a plea of guilty.[3]
The confusion over the proper interpretation of the Rivers holding is addressed in Gordon v. Nagle, 647 So.2d 91 (Ala.1994), wherein this Court, in answering a certified question from the United States Circuit Court for the Eleventh Circuit, stated that the confusion relating to when and under what circumstances a defendant could be precluded from raising a question about the voluntariness of a guilty plea was caused by a misinterpretation of the original holding in Rivers. In Gordon v. Nagle, this Court, after noting the confusion that did exist, stated:
“The confusion in Alabama law is the result of contradictory holdings by the Court of Criminal Appeals in Sampson [v. State, 605 So.2d 846 (Ala.Crim.App.1992) ], and Mosley [v. State, 616 So.2d 362 (Ala.Crim.App.1993)], and that court’s interpretation of our decision in Ex parte Rivers [597 So.2d 1308 (Ala.1991) ]. The Court of Criminal Appeals has read Ex parte Rivers as holding that any defect in the entry of a plea of guilty is always a *1029 matter of jurisdiction. Ex parte Rivers held that the failure to inform a defendant of the minimum and maximum sentences constituted a defect in an entry of a plea of guilty that went to the voluntariness of that plea and, therefore, was subject to collateral challenge under Boykin v. Alabama, [395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) ]. The collateral challenge in Ex parte Rivers to the plea of guilty was made within the two-year period of limitations.”
647 So.2d at 93.
Boykin, of course, established the procedural due process requirements that must be met before a guilty plea can be considered to have been voluntarily and intelligently entered. These procedural requirements have been incorporated in the Alabama Rules of Criminal Procedure; see Rule 14.4. Rule 14.4(e) specifically provides for the withdrawal of a plea of guilty. Cantu did not appeal, but elected to use a post-conviction proceeding to attack the failure of the trial judge to advise him of the maximum sentence he could receive. Because Cantu’s petition under Rule 32 was brought within the two-year limitations period of Rule 32.2(c), Ala.R.Crim.P., we agree with the Court of Criminal Appeals that it was not precluded.
We hold that even though a defendant could file a motion under the provisions of Rule 14 to withdraw a plea of guilty and could appeal a trial court’s ruling on that motion, the defendant would not be precluded from raising, in a timely filed post-conviction proceeding, the question of the volun-tariness of the guilty plea. That was the holding in Rivers, and the only holding in Rivers. Gordon v. Nagle, supra.
Under either option, the trial court is given the first opportunity to review the issue of voluntariness of the guilty plea. This procedure enables the trial judge to pass on any points raised and also establishes a record on which an appellate court may base an informed and reasoned disposition of the appeal. The question of voluntariness will first be put to the trial court, which can conduct an evidentiary hearing, and, if necessary, entertain collateral evidence in support of the defendant’s position. If a trial court rules against the defendant either on the motion to withdraw the guilty plea or on the Rule 32 petition, that ruling may be challenged upon appeal.
To the extent that any decision of this Court or of the Court of Criminal Appeals interprets Ex parte Rivers differently, it is hereby overruled.
The judgment of the Court of Criminal Appeals ordering the trial court to set aside the judgment of conviction is due to be, and it is hereby, affirmed.
APPLICATION GRANTED; ORIGINAL OPINION OF OCTOBER 15, 1993, WITHDRAWN; OPINION SUBSTITUTED; AFFIRMED.
HORNSBY, C.J., and SHORES, HOUSTON, STEAGALL, INGRAM and COOK, JJ., concur.

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

. The Court of Criminal Appeals wrote in this case:
"Although we have declared in Parish v. State, [Ms. CR-90-1285, September 30, 1992] that we are uncertain as to how and to what circumstances the Rivers rule should be applied, we consider that, until we receive any contrary indication from the Alabama Supreme Court, the Rivers rule applies where the defendant has received incorrect sentencing information, as Cantu did.”
660 So.2d at 1025. The September 30, 1992, Parish opinion cited was withdrawn by the Court of Criminal Appeals on April 23, 1993, and a new opinion was substituted on that date. The Court of Criminal Appeals had concluded its September 30, 1992, opinion in Parish with this statement: "Because we frequently review guilty-plea convictions both on direct appeal and on collateral review, we welcome any clarification from the Alabama Supreme Court." This Court, on August 10, 1993, granted the State’s petition to review the April 23, 1993, Parish decision.

. In its petition here, the State alleges:
“[T|he decision is in conflict because there is a line of cases that state that sentencing is jurisdictional and there is another line of cases that hold that alleged errors in sentencing are subject to the contemporaneous objection rule and are not preserved for review where no objection thereto is made at the trial level.”
The State also points out that the Court of Criminal Appeals in Parish v. State, 660 So.2d 227 (Ala.Crim.App.1993), analyzes several of these conflicting cases.