TAYLOR, Judge.
The appellant, Clyde Chillous, Jr., appeals from the summary denial of his petition for post-conviction relief filed pursuant to Rule 32, A.R.Crim.P. In February 1993, the appellant pleaded guilty to manslaughter and to attempted murder. In November 1993, the appellant filed a post-conviction petition attacking his convictions. The appellant asserted that his guilty pleas were not voluntary. The trial court denied the petition, stating that this issue was precluded because it should have raised at trial or on direct appeal and was not. Rule 32.2(a)(3) and 32.2(a)(5), A.R.Crim.P.
Because of the recent decisions by the Supreme Court of Alabama we must remand this cause so that a hearing can be held on appellant’s allegations that his pleas were not voluntary. In Cantu v. State, [Ms. 1920426, April 15, 1994] — So.2d — (Ala.1994),* the Alabama Supreme Court stated:
“Notwithstanding the contrary, we hold that even though a defendant could file a motion under the provisions of Rule 14 to withdraw a plea of guilty on the ground that it was not entered in compliance with the provisions of Rules 2, and could appeal a trial court’s ruling on that motion, the defendant would not be precluded from raising, in a timely filed post-conviction proceedings, the question of the voluntariness of the guilty plea.”
— So.2d at —. See also Parish v. State, [Ms. 1921181, April 15, 1994] — So.2d — (Ala.1994).
This cause is therefore remanded to the Circuit Court for Montgomery County for proceedings consistent with the Supreme Court’s opinion in Cantu. Due return should be filed in this court no later than 42 days from the date of this opinion.
REMANDED WITH DIRECTIONS.
All the Judges concur.

 Note from the reporter of decisions: On April 28, 1995, the Alabama Supreme Court modified its opinion in Cantu. This paragraph quoted from the April 15, 1994 opinion, does not appear in the opinion as modified on April 28, 1995.