ON RETURN TO REMAND

TAYLOR, Judge.
The appellant, Clyde Chillous, Jr., appeals from the summary denial of his petition for post-conviction relief filed pursuant to Rule 32, Ala.R.Crim.P. We remanded this cause so that the circuit court could hold a hearing on the appellant’s allegation that his guilty plea was not voluntary because he was allegedly misinformed about the length of sentence he faced upon conviction. Chillous v. State, 649 So.2d 1341 (Ala.Cr.App.1994). See Cantu v. State, [Ms. 1920426, April 15, 1994] 1994 WL 129749 (Ala.1994).
The circuit court has complied with our directions. The court’s order reflects that the appellant was correctly informed about the sentence he faced by pleading guilty. The court further stated in its order denying the petition:
“On July 22, 1994, a hearing was held before this Court in which testimony was taken from the Honorable Raymond Johnson, as defense counsel, and from the Petitioner. Upon hearing the testimony of Mr. Johnson and of the Petitioner, the Court is of the conclusion that the Petitioner was [not] coerced into pleading guilty to the manslaughter and attempted murder charges. On the contrary, the Petitioner stated at the hearing that he pleaded guilty because it was the ‘right thing to do.’ ”
The appellant’s petition for post-conviction relief pursuant to Rule 32, Ala.R.Crim.P., was correctly denied; the trial court’s judgment is affirmed.
AFFIRMED.
All the Judges concur.