668 So.2d 51 (1995)
Ex parte State of Alabama.
(Re Terry Lee HINTON
v.
STATE).
1931688.
Supreme Court of Alabama.
May 5, 1995.
Jeff Sessions, Atty. Gen., and Lisa G. Gunter, Asst. Atty. Gen., for Petitioner.
Deborah McGowin, Mobile, for Respondent.
INGRAM, Justice.
In 1992, Terry Lee Hinton entered a guilty plea to robbery in the third degree and kidnapping in the second degree; he was sentenced to prison. He never made any request before the trial court to withdraw his guilty plea, nor did he file a Rule 32, Ala. R.Crim.P., petition with the trial court. Rather, he appealed his conviction directly to the Court of Criminal Appeals. The Court of Criminal Appeals reversed the conviction and remanded the case on the grounds that the sentence was void. This Court granted certiorari review and reversed the judgment of the Court of Criminal Appeals on the authority of Cantu v. State, 660 So.2d 1026 (Ala. 1994), and Parish v. State, 660 So.2d 231 (Ala.1994) (both opinions dated April 15, 1994), and remanded the cause. See Hinton v. State, 668 So.2d 49 (Ala.1994). On remand, the Court of Criminal Appeals held that the sentence was not void, but that the *52 plea was involuntary because the court had misinformed Hinton as to his possible minimum sentence. We have again granted certiorari review. The State contends that the Court of Criminal Appeals has misconstrued Cantu v. State and Parish v. State. We agree, and we hold that the Court of Criminal Appeals erred by reviewing Hinton's appeal.
On second application for rehearing, we recently modified certain language in the April 15, 1994, Cantu opinion to make it clear that the trial court is always to be given the first opportunity to rectify any error it may have made concerning sentencing. Cantu v. State, 660 So.2d 1026 (Ala.1994). Under Cantu, the defendant may either (1) make a motion before the trial court to withdraw his guilty plea, or (2) file a Rule 32 petition before the trial court. Through either avenue, the trial court must first be given the opportunity to address this issue. Hinton did not follow either avenue of redress, and the Court of Criminal Appeals erred by reviewing the case.
The judgment of the Court of Criminal Appeals is reversed and the cause is remanded for that court to enter an order consistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and SHORES, HOUSTON, KENNEDY, COOK, and BUTTS, JJ., concur.
MADDOX, J., concurs in part and dissents in part.
MADDOX, Justice (concurring in part; dissenting in part).
See my special writing in Cantu v. State, 660 So.2d 1026 (Ala.1994).