The appellant, Scott Leon Anderson, pleaded guilty to two counts of unlawful distribution of a controlled substance (crack cocaine), a violation of § 13A-12-211, Code of Alabama 1975. He was sentenced to seven years' imprisonment on each count, the sentences to run concurrently. The sentences were split, and he was ordered to serve two years in the penitentiary and the remainder on probation. Additionally, he was sentenced to five years in the penitentiary on each count pursuant to the enhancement provision of § 13A-12-250, Code of Alabama 1975, for selling controlled substances within three miles of a school.
He contends on appeal that his guilty plea was not voluntary because, he says, the trial court did not inform him of the ramifications of the application of the enhancement provision of § 13A-12-250 before he entered his plea. In other words, he contends that he was not informed of the correct minimum and maximum possible sentences he could receive, as required by Rule 14.4, Ala.R.Crim.P.
Based on the recent holdings of the Alabama Supreme Court inHinton v. State, 668 So.2d 51 (Ala. 1995); Cantu v. State
[opinion modified April 28, 1995], 660 So.2d 1026 (Ala. 1994) (on second application for rehearing); Parish v. State [opinion modified April 28, 1995] 660 So.2d 231 (Ala. 1994) (on rehearing); and Gordon v. Nagle, 647 So.2d 91 (Ala. 1994) (on rehearing ex meru moto), we hold that the appellant failed to preserve this issue for our review because he did not object, file a *Page 160 
motion to withdraw the plea, or file a motion for a new trial.
In Ex parte Rivers, 597 So.2d 1308, 1309 (Ala. 1991), the Alabama Supreme Court reiterated the rule "that the defendant must be informed of the maximum and minimum possible sentences as an absolute constitutional prerequisite to the acceptance ofa guilty plea." (Emphasis added.) Furthermore, the Court stated that a defendant did not have to object in the trial court in order to preserve the issue for appellate review of a Rule 32, Ala.R.Crim.P., petition because "the illegality of a defendant's sentence" is a ground specified in Rule 32 for collateral post-conviction relief. Rivers, 597 So.2d at 1310. In cases following Rivers, this court reluctantly interpretedRivers to mean that failure of the trial court to advise a defendant of the maximum and minimum possible sentences was a jurisdictional matter that could be raised for the first time on appeal. Parish v. State, 660 So.2d 227 (Ala.Cr.App. 1993), reversed, 660 So.2d 231 (Ala. 1994); Bennett v. State,649 So.2d 213 (Ala.Cr.App. 1993), reversed, 649 So.2d 214 (Ala. 1994);Cantu v. State, 660 So.2d 1024 (Ala.Cr.App. 1992), affirmed,660 So.2d 1026 (Ala. 1994); Brown v. State, 611 So.2d 1194
(Ala.Cr.App. 1992); Sampson v. State, 605 So.2d 846
(Ala.Cr.App. 1992).
In Gordon v. Nagle, a case answering a certified question posed by the United States Court of Appeals for the Eleventh Circuit, the Alabama Supreme Court acknowledged that the confusion regarding this issue that was the "result of contradictory holdings by the Court of Criminal Appeals . . . and that court's interpretation of our decision in Ex parteRivers." Gordon v. Nagle, 647 So.2d at 93.
More recently, in Cantu v. State, 660 So.2d 1026 (Ala. 1994) (as modified on April 28, 1995, on second application for rehearing), the Alabama Supreme Court more fully addressed the confusion over Rivers initially discussed in Gordon v. Nagle.
The Court stated:
 "Boykin [v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)], of course, established the procedural due process requirements that must be met before a guilty plea can be considered to have been voluntarily and intelligently entered. These procedural requirements have been incorporated in the Alabama Rules of Criminal Procedure; see Rule 14.4. Rule 14.4(e) specifically provides for the withdrawal of the plea of guilty. Cantu did not appeal, but elected to use a post-conviction proceeding to attack the failure of the trial judge to advise him of the maximum and minimum sentence he could receive. Because Cantu's petition under Rule 32 was brought within the two-year limitations period of Rule 32.2(c), Ala.R.Crim.P., we agree with the Court of Criminal Appeals that it was not precluded.
 "We hold that even though a defendant could file a motion under the provisions of Rule 14 to withdraw a plea of guilty and could appeal a trial court's ruling on that motion, the defendant would not be precluded from raising, in a timely filed post-conviction proceeding, the question of the voluntariness of the guilty plea. That was the holding in Rivers, and the only holding in Rivers. Gordon v. Nagle, supra.
 "Under either option, the trial court is given the first opportunity to review the issue of voluntariness of the guilty plea. This procedure enables the trial judge to pass on any points raised and also establishes a record on which an appellate court may base an informed and reasoned disposition of the appeal. The question of voluntariness will first be put to the trial court, which can conduct an evidentiary hearing, and, if necessary, entertain collateral evidence in support of the defendant's position. If a trial court rules against the defendant either on the motion to withdraw the guilty plea or on the Rule 32 petition, that ruling may be challenged upon appeal.
 "To the extent that any decision of this Court or the Court of Criminal Appeals interprets Ex parte Rivers differently, it is hereby overruled."
Cantu, 660 So.2d at 1029. (Emphasis added.)
In Parish v. State, 660 So.2d 231 (Ala. 1994) (modified on April 28, 1995 on rehearing), released the same day as Cantu, the defendant raised the same issue as the one raised *Page 161 
in the present case. He contended that he had been incorrectly informed of the possible maximum and minimum sentences because, he said, the enhancement provision of § 13A-12-250, Code of Alabama 1975, had not been correctly explained. The Alabama Supreme Court stated:
 "In its original opinion, dated September 30, 1992, the Court of Criminal Appeals held, on the authority of Willis v. State, 500 So.2d 1324
(Ala.Cr.App. 1986), that the issue raised by Parish — whether he was entitled to a reversal because he had been misinformed of the minimum and maximum sentences he could receive — was procedurally barred because Parish had failed to object at the guilty plea proceeding, in a motion for new trial, or in a motion to withdraw his guilty plea. In response to Parish's application for rehearing, the Court of Criminal Appeals on April 23, 1993, withdrew its September 30, 1992, opinion and substituted a new opinion. Parish v. State, 660 So.2d 227 (Ala.Cr.App. 1993) (on rehearing). In that substituted opinion the Court of Criminal Appeals reversed the trial court's judgment of conviction, on the authority of Ex parte Rivers, 597 So.2d 1308
(Ala. 1991). The Court of Criminal Appeals, 'in reliance on Rivers, [stated] that [Parish's] sentencing misinformation [was] properly before [the] court, despite [Parish's] failure to object at the plea proceeding, to move for a new trial, or to move to withdraw his guilty plea.' 660 So.2d at 230. The Court of Criminal Appeals held that 'because the appellant was not correctly informed of the minimum and maximum possible sentences, his sentence was void, although it fell within the correct permissible range of sentence.' 660 So.2d at 230.
 "This Court has today addressed a similar issue in another case, noting that 'the case law is conflicting as to when and under what circumstances a defendant is precluded from raising, on appeal, or in a post-conviction proceeding . . ., a failure of the trial judge to follow the procedural requirements for the entry of a plea of guilty.' Cantu v. State, 660 So.2d 1026, 1028 (Ala. 1994) (on application for rehearing). In Cantu, the defendant, pursuant to the provisions of Rule 32, Ala.R.Crim.P., sought to raise an issue regarding the voluntariness of his plea of guilty. This Court held that even though the defendant could have filed a motion under the provisions of Rule 14, Ala.R.Crim.P., to withdraw a plea of guilty and could have appealed a trial court's ruling on such a motion, the defendant would not be precluded from raising in a Rule 32 proceeding a question of the voluntariness of the guilty plea, if the defendant's Rule 32 petition was brought within the two-year limitations period of Rule 32.2(c), Ala.R.Crim.P.
 "In Gordon v. Nagle, 647 So.2d 91 (Ala. 1994), this Court, answering a certified question from the United States Court of Appeals for the Eleventh Circuit, said that the confusion relating to when and under what circumstances a defendant could be precluded from raising a question about the voluntariness of a guilty plea was caused by a misinterpretation of the original holding in Rivers. In Gordon v. Nagle, we held that Rivers did not hold that compliance with the requirements of Boykin v. Alabama, 395 U.S. 238 [89 S.Ct. 1709, 23 L.Ed.2d 274] (1969), was jurisdictional. 647 So.2d at 93.
 "We reverse the judgment of the Court of Criminal Appeals holding that Parish's sentence was void, and we remand the cause for further proceedings consistent with our opinions in Gordon v. Nagle and Cantu."
Parish, 660 So.2d at 232.
On May 5, 1995, the Alabama Supreme Court released Hinton v.State, 668 So.2d 51 (Ala. 1995), and further clarified its position. The Court wrote:
 "In 1992, Terry Lee Hinton entered a plea of guilty to robbery in the third degree and kidnapping in the second degree; he was sentenced to prison. He never made any request before the trial court to withdraw his guilty plea, nor did he file a Rule 2, Ala.R.Crim.P., petition with the trial court. Rather, he appealed his conviction directly to the Court of Criminal *Page 162 
Appeals. The Court of Criminal Appeals reversed the conviction and remanded the case on the grounds that the sentence was void. This court granted certiorari review and reversed the judgment of the Court of Criminal Appeals on the authority of Cantu v. State, 660 So.2d 1026
(Ala. 1994), and Parish v. State, 660 So.2d 231
(Ala. 1994) (both opinions dated April 15, 1994, and remanded the cause). See Hinton v. State, 668 So.2d 49 (Ala. 1994). On remand, the Court of Criminal Appeals held that the sentence was not void, but that the plea was involuntary because the court had misinformed Hinton as to his possible minimum sentence. We have again granted certiorari review. The State contends that the Court of Criminal Appeals has misconstrued Cantu v. State and Parish v. State. We agree, and we hold that the Court of Criminal Appeals erred by reviewing Hinton's appeal.
 "On second application for rehearing, we recently modified certain language in the April 15, 1994, Cantu opinion to make it clear that the trial court is always to be given the first opportunity to rectify any error it may have made concerning sentencing. Cantu v. State, 660 So.2d 1026 (Ala. 1994). Under Cantu, the defendant may either (1) make a motion before the trial court to withdraw his guilty plea, or (2) file a Rule 32 petition before the trial court. Through either avenue, the trial court must first be given the opportunity to address this issue."
Hinton, 668 So.2d at 52. (Emphasis added.)
In the above case, the Alabama Supreme Court reversed the judgments of this court holding that a defendant could appeal the voluntariness of a guilty plea even if that issue was not first raised in the trial court by an objection, a motion to withdraw the guilty plea, or a motion for a new trial. We now read Gordon v. Nagle, Cantu, Parish, and Hinton to mean that claims relating to the voluntariness of guilty pleas must first be presented to the trial court or they are waived on direct appeal. The appellant failed to present this claim to the trial court and therefore his voluntariness claim was not preserved for our review.
However, even if the claim had been preserved, the record reflects that the appellant was correctly informed of the consequences of the enhancement provision of § 13A-12-250, that he understood those consequences, and that he had no objection.
For the foregoing reasons, the judgment in this case is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.