ON THIRD APPLICATION FOR REHEARING
This court's opinion of October 20, 1995, is hereby withdrawn and the following opinion is substituted therefor.
This case was originally assigned to another judge on the Alabama Court of Criminal Appeals. It was reassigned to Judge Cobb on January 17, 1995.
The appellant, Johnny Jerome Acree, pleaded guilty to unlawful possession of marijuana in the first degree, a violation of § 13A-12-213, Code of Alabama 1975. He was sentenced to 15 years' imprisonment as a habitual offender.
The appellant claims that his guilty plea was not knowingly or voluntarily entered into because, he says, (1) the trial court failed to *Page 856 
use the Explanation of Rights and Plea of Guilty form, commonly known as an Ireland[1] form, or a substantially similar form and (2) the trial court informed the appellant of the maximum and minimum sentence range upon application of the Habitual Felony Offender Act for a defendant with two prior convictions, but failed to give the sentence ranges for a defendant having fewer than two prior felony convictions.
The State contends that, because the appellant did not object to this matter at the guilty plea proceeding, did not move for a new trial, or did not move to withdraw his guilty plea, this issue is procedurally barred. In Ex parte State,660 So.2d 1026 (Ala. 1994), the Alabama Supreme Court held that a challenge to the voluntariness of a guilty plea may be raised in a motion to withdraw a guilty plea under the provisions of Rule 14, Ala.R.Crim.P., or in a timely filed post-conviction petition.
In our opinion of October 20, 1995, we found the issues were preserved because the appellant filed a "Motion for a Modification and/or a Reconsideration of Sentence, Nunc Pro Tune," and we considered such as a motion to withdraw his guilty plea. In his motion, the appellant alleged that he "had ineffective assistance of counsel and that he had been coerced by counsel to enter a plea without an understanding or without knowledge of the consequences of his actions." (R. 43.) Upon reconsideration, we find that this statement was not specific enough to preserve the two issues the appellant attempted to present on appeal. The statements in the motion are mere allegations that are unsupported by any facts or evidence. Bare allegations cannot suffice as evidence or proof of alleged facts. Daniels v. State, 416 So.2d 760 (Ala.Crim.App. 1982); Thompson v. State, 444 So.2d 899 (Ala.Crim.App. 1984);Joyce v. State, 605 So.2d 1243 (Ala.Crim.App. 1992). The motion did not give the trial court notice of the specific issues he now raises in his brief to this court. Therefore, the trial court did not have the opportunity to rectify these alleged errors as required by Hinton v. State, 668 So.2d 51
(Ala.Crim.App. 1995). The appellant's motion was not sufficient to preserve the issues presented by the appellant in brief. The appellant can still raise these issues in a Rule 32, Ala.R.Crim.P. petition.
Therefore, the judgment is affirmed.
OPINION WITHDRAWN; OPINION SUBSTITUTED; APPLICATION GRANTED. AFFIRMED.
All the Judges concur.
[1] Ireland v. State, 47 Ala. App. 65, 250 So.2d 602 (1971).