The appellant, Jack Odell Boykin, appeals from the trial court's denial of his petition for post-conviction relief filed pursuant to Rule 32, Ala.R.Crim.P., in which he attacked his October 1994 guilty plea conviction for attempted murder and the resulting sentence of 30 years' imprisonment. This Court affirmed the appellant's conviction in an unpublished memorandum. Boykin v. State, 683 So.2d 67 (Ala.Cr.App. 1995) (table), cert. quashed, 680 So.2d 1033 (Ala. 1996) (table).
The thrust of the appellant's allegations, both in his Rule 32 petition and on appeal from the denial of his Rule 32 petition, is that his plea was not knowingly and voluntarily entered because, he says, he was incorrectly informed that the minimum sentence he could receive for a conviction for attempted murder was 15 years' imprisonment. Attempted murder is a Class A felony. See § 13A-6-2 and § 13A-4-2(d)(1), Code of Alabama 1975. The minimum sentence for a conviction for a Class A felony, assuming the sentence is not subject to any enhancement provisions, is 10 years' imprisonment. See 13A-5-6, Code of Alabama 1975.
On October 31, 1994, the appellant, who was represented by counsel, entered a plea of guilty to attempted murder. During the guilty plea colloquy, the trial court informed the appellant that the minimum sentence he could receive for a conviction for attempted murder was 15 years' imprisonment. The explanation of rights and plea of guilty form[1] that was executed by the appellant also indicated that the minimum sentence he could receive was 15 years' imprisonment. According to a handwritten notation on the form, the appellant had no prior felony convictions.
On December 14, 1994, the appellant, through new counsel, moved to withdraw his guilty plea. In support of his motion, the appellant alleged that his previous attorney had coerced him into pleading guilty. The appellant also claimed that he was not aware of the consequences of pleading guilty.
On February 17, 1995, a hearing was conducted on the appellant's motion to withdraw his guilty plea. At the hearing, the appellant testified that he had been informed that the minimum sentence that he could receive for pleading guilty to attempted murder was 15 years' imprisonment. He did not know why 15 years' imprisonment was determined to be the minimum sentence. The attorney who represented the appellant at the guilty plea hearing also testified that he did not know why the appellant had been informed that the minimum sentence was 15 years' imprisonment. Although testimony was elicited regarding the apparent sentencing misinformation, neither the appellant nor his counsel moved to withdraw the plea on that basis, but continued to assert that his former counsel had coerced him into pleading guilty. The trial court denied the appellant's motion to withdraw his plea.
The trial court then conducted the sentencing hearing and sentenced the appellant to 30 years' imprisonment. During the sentencing hearing, there was some discussion regarding the appellant's prior arrest record; however, it is unclear from the transcript of the sentencing *Page 212 
hearing whether the appellant had any previous convictions.
The appellant gave notice of appeal, and the trial court appointed new counsel to represent the appellant on appeal. On July 28, 1995, this Court unanimously affirmed by the appellant's conviction in the following unpublished memorandum:
 "The appellant's conviction for attempted murder is affirmed. The appellant argues for the first time on this appeal that he was not properly advised of the correct minimum sentence he could receive upon entering a plea of guilty. 'The trial court is always to be given the first opportunity to rectify any error it may have made concerning sentencing.' Hinton v. State, 668 So.2d 51 (Ala. 1995).
 "The record reflects that the appellant was incorrectly informed that the minimum sentence for a Class A felony was 15 years. The minimum sentence for a Class A felony is 10 years. The appellant entered a blind plea which was 'totally within the discretion of the [trial] Court.' R. 50. The appellant's sentence of 30 years was within the correct range of punishment for a Class A felony."
On June 14, 1996, the Alabama Supreme Court denied the appellant's petition for certiorari review. 680 So.2d 1033
(Ala. 1996) (table).
On November 4, 1996, the appellant filed a Rule 32 petition in the Circuit Court of Madison County. In the petition, the appellant claimed that he was entitled to relief because he had been incorrectly informed that 15 years' imprisonment was the minimum sentence that he could receive for a conviction for attempted murder; therefore, he argued, his plea was not knowingly and voluntarily entered, and the trial court lacked jurisdiction to render the judgment or to impose the sentence. The appellant also alleged that counsel who represented him at the guilty plea hearing was ineffective because, he says, counsel did not object when the trial court relayed the incorrect sentencing information. The appellant maintained that his later counsel, who filed the motion to withdraw the plea and who also represented him at the sentencing hearing, was ineffective because counsel failed to state as a ground for the motion to withdraw the plea that the appellant had been misinformed as to the minimum sentence. In addition, the appellant argued that that counsel should have asserted that his earlier counsel had been ineffective. Last, he alleged that his appellate counsel was ineffective because appellate counsel did not raise the ineffective assistance of counsel claims in a motion for a new trial or on direct appeal.
The state, in a written response, moved to dismiss the petition, stating that the appellant's claim that his plea was involuntary was precluded from review because it should have "been raised and addressed at the time of the plea, on the motion to set aside the plea or on appeal." (C. 25.) As to the appellant's allegations of ineffective assistance of counsel, the state argued that the appellant was not entitled to relief because his sentence fell within the statutory range of punishment. It asserted that "[a]t most, the Petitioner would be allowed a new sentencing hearing." (C. 25.) The state maintained that the appellant failed to adequately plead his claim that the trial court lacked jurisdiction to render the judgment or to impose the sentence.
On January 6, 1997, the trial court denied the appellant's petition by the following written order:
"ORDER
 "The Court, having reviewed the record and the pleadings, is of the opinion that the Rule 32 petition of JACK ODELL BOYKIN, for post-conviction relief is not well taken and is due to be denied.
"FINDINGS
 "1. This Court finds that this petition is procedurally barred. This Petitioner had numerous opportunities to raise this issue to the trial court. On October 31, 1994, Petitioner pleaded open-ended to attempted murder. The court would note that on this date, partially through this plea, the Petitioner indicated that he wished to reconsider his plea. At that time the Trial Court stopped the proceedings. After conferring with his attorney the petitioner *Page 213 
indicated that he wanted to proceed with his open-ended plea. In December, while awaiting a sentencing hearing, the Petitioner, through another attorney, requested to set aside his guilty plea. A hearing was held on that request. At that time Petitioner's attorney questioned his former (trial) attorney on the issue of the range of sentence. (R. 24.) After that hearing the motion was denied and the Court continued with a sentencing hearing in which the State made no recommendation whatsoever. The Trial Court then sentenced the Petitioner to 30 years. Petitioner then received yet a third attorney for appellate purposes.
 "The Court finds that the Petitioner's guilty plea was not based on the sentencing range or any agreement with regard to sentencing. In fact, there was no plea agreement whatsoever. Furthermore, this Court specifically questioned the Petitioner on his reason for pleading guilty:
 " 'THE COURT: Are you pleading guilty because you are in fact guilty or for some other reason?
" 'THE DEFENDANT: I'm guilty.'
 "(R. 7) The same question was asked of the Petitioner later that date and again he stated that he was guilty. (R. 16.) Moreover, that State stated the facts it relied on in this case to show Petitioner was guilty of the offense charged. (R. 17.) After the facts were stated the following took place:
 " 'THE COURT: Is that your understanding of the facts in this case?
" 'THE DEFENDANT: Yes, ma'am.
 " 'THE COURT: Do you dispute any of those facts as stated?
" 'THE DEFENDANT: No, ma'am.' "
 "(R. 17-18.) The Court finds that based on the above and the court records in this case the guilty plea was voluntarily made. There was no plea agreement; therefore, Petitioner was not relying on a certain sentencing range or agreement. The Court would note that the sentence itself was completely within the Court's discretion and correct sentencing range.
 "2. Based on the foregoing, the Court finds that the attorneys in this case were not ineffective as required by Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
 "3. Furthermore, the Petitioner's claim of lack of jurisdiction is due to be denied. The case was properly before this Court by means of an indictment correct in form and substance.
 "Now therefore it is ordered that the petition of JACK ODELL BOYKIN, for post-conviction relief under Rule 32, Alabama Rules of Criminal Procedure, is due to be, and the same is hearby denied."
(C. 27-28.)
The appellant contends, essentially, that in light of the allegations raised in the petition, the trial court erred in denying the petition without an evidentiary hearing. The attorney general asks this Court to remand the cause to the trial court for a determination as to why the appellant was told that the minimum sentence for attempted murder was 15 years' imprisonment, and whether that information was correct under the facts of this case.
Contrary to the trial court's finding, the appellant's challenge to the voluntariness of his guilty plea is not precluded. According to the Alabama Supreme Court's holding inCantu v. State, 660 So.2d 1026 (Ala. 1994), a defendant can challenge the voluntariness of a guilty plea in a timely filed Rule 32 petition, even though the claim could have been, but was not, raised in the trial court by a timely objection, a timely motion to withdraw the guilty plea, or a timely motion for new trial. See also, Stinson v. State, 669 So.2d 1010 (Ala. 1995).
Moreover, we cannot agree with the trial court's reasoning in its order denying the petition that because there was no plea agreement, because the sentence was within the statutory range, and because the appellant admitted that he committed the offense, the appellant's plea was voluntarily entered. In order for a guilty plea to be considered knowing and voluntary, the defendant must be properly advised of the minimum and maximum sentences possible, including any possible additional sentence the defendant could receive upon application of enhancement *Page 214 
statute. Aaron v. State, 673 So.2d 849 (Ala.Cr.App. 1995);Henry v. State, 639 So.2d 583 (Ala.Cr.App. 1994); Rule 14.4, Ala.R.Crim.P.
Although it appears that the appellant was incorrectly informed as to the minimum sentence that he could receive for a conviction for attempted murder, we are simply unable to determine from the record before this Court, whether, under the facts of this case, there was a justifiable reason for the 15-year minimum sentence. All of the participants at the guilty plea hearing seemed to be under the impression that the minimum sentence the appellant could receive was 15 years' imprisonment. Furthermore, as noted, there was some discussion of the appellant's arrest record at the sentencing hearing; perhaps the appellant's sentence was subject to an enhancement provision that is not reflected in the record before this Court. See § 13A-5-9(a)(3), Code of Alabama 1975, (the minimum sentence for a conviction for a Class A felony with one prior felony conviction is 15 years' imprisonment).
Accordingly, we must remand this cause to the trial court for a determination as to whether the appellant was informed of the correct minimum sentence before pleading guilty. If the trial court determines that the appellant was correctly informed of the minimum sentence, the return should include any supporting documentation used to so conclude. If a hearing is conducted on the matter, the trial court should ensure that a transcript of the proceedings is included with the return to remand. A return should be filed with this Court no later than 42 days from the release of this opinion.
REMANDED WITH DIRECTIONS.*
All the Judges concur.
[1] Commonly referred to as an Ireland form. See Ireland v. State,47 Ala. App. 65, 250 So.2d 602 (1971).
* Note from the reporter of decisions: On November 14, 1997, on return to remand, the Court of Criminal Appeals dismissed the appeal, without opinion.