LONG, Presiding-Judge.
The appellant, Raymond Singleton, pleaded guilty to, and was convicted of, robbery in the first degree, a violation of § 13A-8-41, Ala.Code 1975, and attempted sodomy in the first degree, a violation of §§ 13A-4-2 and 13A-6-63, Ala.Code 1975. Upon, application of the firearm enhancement statute, § 13A-5-6(a)(5), Ala.Code 1975, he was sentenced to 30 years’ imprisonment on each count; the sentences were to run concurrently. The appellant was also ordered to pay $20,000 in fines for each conviction.
I..
The appellant contends that his guilty pleas were not knowingly or voluntarily entered, because, he. says, the trial court did not advise him of the material elements of each charge; did not inform him of the cor-' rect minimum and maximum possible sentences he could receive upon application of the firearm enhancement statute; and did not advise him of the consequences of pleading guilty to a sex offense charge.
The trial court must be given the first opportunity to rectify any error it may have made during guilty plea proceedings. Hinton v. State, 668 So.2d 51 (Ala.1995); Cantu v. State, 660 So.2d 1026 (Ala.1994). Here, although the appellant filed a motion to withdraw his guilty pleas or, in the alternative, to *234 reduce his sentence, that motion did not raise the specific claims the appellant now raises on appeal. The trial court, therefore, did not have the opportunity to rectify the alleged errors. Accordingly, this issue is not preserved for our review. See Acree v. State, 673 So.2d 855 (Ala.Cr.App.1995); Anderson v. State, 668 So.2d 159, 162 (Ala.Cr.App.1995).
II.
The appellant contends that the trial court improperly sentenced him to 30 years’ imprisonment and assessed $20,000 in fines for his conviction for attempted sodomy in the first degree, when the maximum legal sentence and fine that he could have received for this offense was 20 years’ imprisonment and $10,000, respectively.
Attempted sodomy in the first degree is a Class B felony. See §§ 13A-6-63 and 13A-4-2, Ala.Code 1975. Section 13A-5-6(a), Ala. Code 1975, provides, in pertinent part:
“Sentences for felonies shall be for a definite term of imprisonment, which imprisonment includes hard labor, within the following limitations:
[[Image here]]
“(2) For a Class B felony, not more that 20 years or less than 2 years.
[[Image here]]
“(5) For a Class B or C felony in which a firearm or deadly weapon was used or attempted to be used in the commission of the felony, not less than 10 years.”
Because .a firearm was used in the commission of the offense of attempted sodomy in the first degree, § 13A-5-6(a)(5) applied. With application of the firearm enhancement provision of § 13A-5-6(a)(5), the range of punishment for attempted sodomy in the first degree is not more than 20 years and not less than 10 years. Therefore, the appellant’s sentence of 30 years’ imprisonment for this offense exceeded the range established by law. Furthermore, § 13A-5-ll(a), Ala.Code 1975, provides in pertinent part:
“A sentence to pay a fine for a felony shall be for a definite amount, fixed by the court, within the following limitations:
[[Image here]]
“(2) For a Class B felony, not more than $10,000.00.”
Therefore, the maximum fine that could be imposed upon a conviction for attempted sodomy in the first degree is $10,000 — not $20,-000 as imposed by the trial court in this case.
Because the sentence and fine imposed for the appellant’s conviction of attempted sodomy in the first degree exceeded the maximum allowed by law, we remand this case to the trial court with directions that that court resentence the appellant and impose a fine within the proper statutory ranges. Within 42 days of the date of this opinion, due return should be made to this court of the actions taken.
REMANDED WITH DIRECTIONS.
All Judges concur.

ON RETURN TO REMAND

LONG, Presiding Judge.
On August 22,1997, we remanded this ease with directions to the trial court to resen-tenee the appellant and to impose a fine within the proper statutory range for his conviction of attempted sodomy in the first degree. The appellant had been sentenced to 30 years’ imprisonment and assessed a fine of $20,000 upon application of the firearm enhancement provision of § 13A-5-6(a)(5), Ala.Code 1975. A firearm was used in the commission of the offense. With application of the firearm enhancement provision of § 13A-5-6(a)(5), the proper range of punishment for attempted sodomy in the first degree is not more than 20 years and not less than 10 years, and the fine may not exceed $10,000. See §§ 13A-6-63, 13A-4-2, 13A-5-6(a), and 13A-5-ll(a), Ala.Code 1975. Therefore, the appellant’s sentence and fine exceeded the maximum allowed by law.
On return to remand, the trial court has filed an order reflecting that it held a new sentencing hearing, after which the appellant was resentenced to 20 years’ imprisonment and was assessed a fine of $10,000 for his conviction of attempted sodomy in the first degree. Because the appellant’s sentence *235 and fine are now within the proper statutory range, the judgment of the trial court is hereby affirmed.
AFFIRMED.
All the Judges concur.