The appellant, William Gilmore, Jr., appeals from the circuit court's summary dismissal of his petition for postconviction relief, filed pursuant to Rule 32, Ala. R.Crim.P., in which he challenged his February 2004 guilty-plea conviction for first-degree robbery and the resulting sentence of 21 years' imprisonment. No direct appeal was taken from this conviction. *Page 549 
On February 9, 2005, Gilmore filed a Rule 32 petition, alleging (1) that the indictment returned against him was defective, vague, ambiguous, and unconstitutional; (2) that his trial counsel was ineffective because, he claimed, counsel negotiated "a plea agreement that was not carried out in the way it was prescribed," because, Gilmore said, under the plea agreement Gilmore was to receive either a split sentence or probation; (3) that the trial court was without jurisdiction to render judgment or to impose sentence because the indictment charging him with first-degree robbery omitted a material element of the offense — intent; and (4) that his conviction was obtained by a plea of guilty that was "unlawfully induced or not made voluntarily" because, Gilmore said, he had been told that if he pleaded guilty he would receive a split sentence or probation.
On March 9, 2005, the State filed a response to Gilmore's petition, in which it denied the allegations in Gilmore's petition. Additionally, the State moved for a summary dismissal of Gilmore's Rule 32 petition on the grounds that the claims were precluded from review as a result of various procedural bars set out in Rule 32.2, Ala.R.Crim.P. On March 14, 2005, the trial court summarily dismissed Gilmore's Rule 32 petition. The court's order stated that Gilmore's petition was without merit and failed to state a claim for which relief could be granted. This appeal followed.
Gilmore contends that the trial court erred in denying his Rule 32 petition without first conducting an evidentiary hearing. Specifically, he claims that he presented sufficient facts that, if true, entitle him to relief.
 I.
Two of Gilmore's claims for relief purport to attack the validity of the indictment returned against him, thus affecting the jurisdiction of the trial court to accept Gilmore's guilty plea. Gilmore's first challenge to his indictment — that the indictment returned against him was unconstitutionally vague and ambiguous — appears to be predicated on the fact that § 13A-8-41, Ala. Code 1975, defines first-degree robbery as the commission of § 13A-8-43, Ala. Code 1975 — third-degree robbery — while the defendant is either armed with a deadly weapon or dangerous instrument or as a result of which the defendant causes serious physical injury to another. Gilmore contends that the reference to § 13A-8-43 in the body of § 13A-8-41 violates Art. IV, § 45, of the Alabama Constitution of 1901, which provides that "[e]ach law shall contain but one subject, which shall be clearly expressed in its title." Gilmore's claim is without merit. We note that both § 13A-8-41 and § 13A-8-43 are part of Act No. 607, Ala. Acts 1977, which enacted the Alabama Criminal Code, and thus fall within the exception in Art. IV, § 56, for bills adopting a code. See generally Gibson v. State, 214 Ala. 38, 106 So. 231 (1925). Moreover, as this Court noted inDickerson v. State, 414 So.2d 998, 1007
(Ala.Crim.App. 1982): "[T]he one subject requirement is met when the separate provisions of a bill are germane to the bill's general purpose and have a mutual connection with the subject proper." Thus, the fact that first-degree robbery is defined in terms of third-degree robbery coupled with aggravating circumstances does not run afoul of § 45.
Gilmore's claim that his indictment is void because it failed to allege a material element — intent — is likewise without merit. Although the element of intent is not specifically referenced in § 13A-8-41, the element of intent is encompassed in § 13A-8-41 by virtue of the inclusion in that statute of § 13A-8-43, which specifically references the element of intent. *Page 550 
Thus, there is no merit to Gilmore's claim that his indictment was void because it failed to include a material element of the charged offense. Because neither of Gilmore's claims concerning the validity of his indictment warrant relief, the trial court correctly denied relief based on these grounds.
 II.
Gilmore's remaining claims challenge the voluntariness of his guilty plea and the competency of his trial counsel.
A challenge to the voluntariness of a guilty plea may be presented for the first time in a timely filed Eule 32 petition. See Cantu v. State, 660 So.2d 1026, 1027 (Ala. 1994);Faulkner v. State, 741 So.2d 462 (Ala.Crim.App. 1999);Boykin v. State, 708 So.2d 210 (Ala.Crim.App. 1997). Gilmore pleaded guilty to first-degree robbery on February 10, 2004. Therefore, his Rule 32 petition — filed on February 9, 2005 — was timely. See Rule 32.2(c), Ala.R.Crim.P.
This Court has held that
 "at the pleading stage of Rule 32 proceedings, a Rule 32 petitioner does not have the burden of proving his claims by a preponderance of the evidence. Rather, at the pleading stage, a petitioner must provide only `a clear and specific statement of the grounds upon which relief is sought.' Rule 32.6(b), Ala. R.Crim.P. Once a petitioner has met his burden of pleading so as to avoid summary disposition pursuant to Rule 32.7(d), Ala.R.Crim.P., he is then entitled to an opportunity to present evidence in order to satisfy his burden of proof."
Ford v. State, 831 So.2d 641, 644
(Ala.Crim.App. 2001).
Here, Gilmore claimed that his plea was involuntary because, he says, his counsel told him that if he pleaded guilty he would receive either a split sentence or probation. Alternatively, Gilmore claimed that his counsel was ineffective for failing to enforce the terms of his plea agreement, which he says called for him to receive either a split sentence or probation. "[A] misrepresentation by a defendant's counsel, if material, may render a guilty plea involuntary." Ex parte Blackmon,734 So.2d 995, 997 (Ala. 1999). See also Minor v. State,627 So.2d 1071 (Ala.Crim.App. 1992). In Ford v. State, we held that a petitioner's claim that his plea was involuntary because of his counsel's alleged misrepresentation that he would receive a split sentence if he pleaded guilty was sufficiently pleaded to warrant an evidentiary hearing.831 So.2d at 644. Although the State's answer and motion for summary dismissal contend that Gilmore's plea agreement did not support his claim regarding a split sentence or probation, the State offers no proof in support of this contention. See Baker v.State, 717 So.2d 859, 861 n. 2 (Ala.Crim.App. 1996) ("District attorneys would be well advised when answering Rule 32 petitions presenting `voluntariness' claims to take steps to generate transcripts of the guilty plea proceedings under attack when transcripts of those proceedings do not already exist."). Likewise, the trial court's order makes no specific findings of fact regarding the merits of this claim. Thus, it is necessary to remand this case for further findings as to the merits of Gilmore's claim.
Given that Gilmore filed his petition within the one-year limitations period set out in Rule 32.2(c), Ala.R.Crim.P., the ineffective-assistance-of-counsel claim raised in the petition is not procedurally barred. Moreover, because Gilmore's claim of ineffective counsel also involves his counsel's conduct as it relates to the alleged errors during the plea proceeding, we are unable to say, at this time, that Gilmore failed to *Page 551 
plead any facts that would entitle him to relief.
This case is remanded to the trial court with instructions that the court enter a new order addressing Gilmore's claims challenging the voluntariness of his guilty plea and the competence of his trial counsel. In remanding this case, we encourage the trial court to order that a transcript of Gilmore's guilty-plea hearing be prepared and that a copy of that transcript be included in the court's return to remand. Should the circuit court deem it necessary to hold an evidentiary hearing addressing Gilmore's claims,[1] the court's return to remand shall include a transcript of those proceedings. Rule 32.9(d), Ala.R.Crim.P., requires the trial court to "make specific findings of fact relating to each material issue of fact presented." See also Ex parteWalker, 652 So.2d 198 (Ala. 1994); Smith v. State,665 So.2d 954 (Ala.Crim.App. 1994). However,
 "if the court finds that a particular allegation fails to meet the requirements of specificity of Rule 32.6(b), we encourage the court to so note with particularity in its written findings. It is to do likewise if it finds that a particular allegation fails to state a claim or to present any material issue of fact or law that would entitle [the petitioner] to relief. In other words, the court's written findings are to address individually each claim not precluded by Rule 32.2."
Harper v. State, 676 So.2d 949, 950
(Ala.Crim.App. 1995), aff'd, 698 So.2d 796 (Ala.Crim.App. 1996) (table). Finally, if the court's findings are based on its personal knowledge of Gilmore's guilty-plea proceedings, then the order should so state. See Sheats v. State,556 So.2d 1094, 1095 (Ala.Crim.App. 1989).
The trial court shall take all necessary action to see that the circuit clerk makes due return to this Court at the earliest possible time and within 56 days of the release of this opinion.
REMANDED WITH DIRECTIONS.*
McMILLAN, P.J., and COBB and BASCHAB, JJ., concur. SHAW, J., concurs in the result.
[1] See Rule 32.9(a), Ala.R.Crim.P.
* Note from the reporter of decisions: On January 27, 2006, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On February 17, 2006, that court denied rehearing, without opinion.