MOORE, Chief Justice
(dissenting).
I respectfully dissent from the Court’s decision to deny the petition for a writ of certiorari in this case. In 2009, Curtis Earl Scarver pleaded guilty to trafficking in cocaine, a Class A felony. At the time of his plea, Scarver had three prior felony convictions. Two of those prior convictions, dating to 1982, were for first-degree robbery, a Class A felony. The trial court had no choice but to impose a sentence of life imprisonment without the possibility of parole. § 13A-5-9(c)(4), Ala.Code 1975. At the plea hearing, the following colloquy occurred:
“THE COURT: You’d be looking at a mandatory life sentence without the possibility of parole. You understand that?
“SCARVER: Yes.
“THE COURT: Knowing that, you still want to plead guilty?
“SCARVER: Yes.”
I do not read the colloquy between Scarver and the trial court — particularly the judge’s imprecise “you’d be looking at” phrase — as Scarver’s acquiescence to a sentence of life imprisonment without the possibility of parole, but instead as his recognition that a sentence of life imprisonment without parole was an alternative available to the court.
Because I do not find it rational for a person to plead guilty to the maximum sentence allowed by law if he went to trial, I question whether Scarver fully understood the consequences of his plea and thus whether it was truly voluntary.
Scarver filed a Rule 32, Ala. R.Crim. P., petition challenging his guilty-plea conviction, which the trial court summarily dismissed. Scarver appealed to the Court of Criminal Appeals, which affirmed, without an opinion. Scarver v. State (No. CR-12-0741, July 3, 2013), - So.3d - (Ala.Crim.App.2013) (table). Scarver properly *555 raises the issue of the voluntariness of his guilty plea in his Rule 32 petition, the first he has filed. “A challenge to the volun-tariness of a guilty plea may be presented for the first time in a timely filed Rule 32 petition.” Gilmore v. State, 937 So.2d 547, 550 (Ala.Crim.App.2005).
I would grant Scarver’s petition for a writ of certiorari to see if the record, including the transcript, if any, of the sentencing hearing, supports his claim that he did not understand the consequences of his guilty plea.