MOORE, Chief Justice
(concurring specially).
In 2009, Torey Jones pleaded guilty to attempted murder and received a 20-year sentence. He filed a Rule 32, Ala. R.Crim. P., petition in 2013, claiming that he actually had agreed to a split sentence (five years in prison followed by five years on probation). See § 15-18-8, Ala.Code 1975. Jones claimed that had he known he would be sentenced to 20 years rather than the split sentence, he would not have pleaded guilty. The trial court summarily dismissed his petition, and the Court of Criminal Appeals affirmed the dismissal.
Jones did not appeal his 2009 sentence. Thus, we have no transcript from the trial proceedings to verify his claims. The record on appeal in this Rule 32 proceeding contains what appear to be four pages from the original trial proceedings. In one of those pages the trial judge states: “I will give him a five-year split, I believe, on a 20, followed by five years’ probation.” No transcript of the actual sentencing hearing (held at a later date) appears in the record on appeal. Therefore, the ultimate significance of the trial judge’s statement is impossible to discern.
In his Rule 32 petition, Jones stated as a ground for relief: “Guilty plea was involuntarily given, due to erroneous legal advice.” On appeal, however, he argues that he voluntarily pleaded guilty, understanding that he would receive a split sentence but that he wrongly was sentenced to 20 years in prison. Whether his attorney or the trial judge misled him, if at all, is impossible to tell in the absence of the transcript of the sentencing hearing, which he does not provide. Although a district attorney is obligated to offer a freely bargained plea agreement to the court for its consideration, the trial court itself is not bound by the agreement. See Ex parte Yarber, 437 So.2d 1330, 1336 (Ala.1983); Rule 14.3(b), Ala. R.Crim. P. Furthermore, although a defendant “would not be precluded from raising, in a timely filed post-conviction proceeding, the question of the voluntariness of the guilty plea,” Cantu v. State, 660 So.2d 1026, 1029 (Ala.1995), Jones’s petition, filed four years after the expiration of the time for filing an appeal of his sentence, is indeed untimely. Rule 32.2(c), Ala. R.Crim. P.
Insofar as Jones claims that his sentence is illegal, I note that “a challenge to an illegal sentence is jurisdictional and can be raised at any time.” Ginn v. State, 894 So.2d 793, 796 (Ala.Crim.App.2004). However, Jones’s 20-year sentence for attempted murder, a Class A felony, § 13A-4-2(d)(l), Ala.Code 1975, falls within the *167 statutory range of punishment for that offense. See § 13A-5-6, Ala.Code 1975.
For the reasons stated, I concur in denying Jones’s petition.for a writ of certio-rari.