The appellant, Ardis Temmis, appeals the denial of his petition for post-conviction relief filed pursuant to Rule 32, Ala.Cr.Crim.P. The petition attacks the appellant's 1994 conviction for murder on the ground that he received ineffective assistance from both his trial and appellate counsel. The circuit court denied the appellant's Rule 32 petition following an evidentiary hearing; the court found that the appellant's contentions regarding the issue of ineffective assistance counsel were not supported by the record. However, the trial court issued no written findings of fact.
The State, in its brief to this court, cites Rule 32.9(d), Ala.R.Crim.P., and requests that we remand this cause to the circuit court so that the trial judge can make formal, written findings as to each material issue of fact presented at the evidentiary hearing. Rule 32.9(a) states that if the trial judge does not dismiss the petition, the petitioner shall be entitled to an evidentiary hearing to determine the disputed issue of material fact regarding the contentions set out in the Rule 32 petition. Following the evidentiary hearing, the trial judge must "make specific findings of fact relating to each issue of material fact presented." Rule 32.9(d). See Jones v. State, [Ms. CR-95-45, July 3, 1996] ___ So.2d ___ (Ala.Cr.App. 1996), and Johnson v. State,677 So.2d 1280 (Ala.Cr.App. 1996).
Because the trial judge, in this case, failed to make such findings following the evidentiary hearing, we are required by Rule 32.9(d) to remand this cause to the Circuit Court for Houston County for proceedings not inconsistent with this opinion. Due return should be filed in this court no later than 42 days from the date of this opinion. *Page 1171 
REMANDED WITH DIRECTIONS.*
All the Judges concur, except LONG, J., who recuses.
* Note from the reporter of decisions: On May 23, 1997, on return to remand, the Court of Criminal Appeals affirmed, without opinion.