Aven H. Cotton appeals from the denial, after a hearing, of his Rule 32, Ala.R.Crim.P., petition for post-conviction relief. The petition challenged his January 1996 convictions for five counts of sexual abuse. We affirmed the convictions by unpublished memorandum on direct appeal. Cotton v. State,689 So.2d 1012 (Ala.Cr.App. 1996) (table). The certificate of judgment was issued on October 15, 1996. On May 27, 1996, before a judgment was reached on his direct appeal, Cotton filed his Rule 32 petition. The petition was followed by several motions to amend the petition. On December 17, 1996, a hearing was held on the petition, the motions to amend, and various other motions filed by Cotton. At the conclusion of the hearing the circuit court denied the petition. The circuit court's written order stated with specificity that the issues raised in the petition were procedurally precluded from review as issues that were or could have been raised at trial; issues that were or could have been raised on direct appeal; or issues that were not supported with sufficient facts. See Rules 32.2(a)(2), (3), (4), (5) and 32.6. We find no error with this ruling except as it pertains to Cotton's allegations of ineffective assistance of counsel.
Cotton was represented by the same counsel at trial and on direct appeal. Therefore, the claim of ineffective assistance of counsel was properly raised in a timely filed Rule 32 petition. Anglin v. State, [Ms. CR-95-1362, July 3, 1996] ___ So.2d ___ (Ala.Cr.App 1996) (trial court incorrectly summarily denied a Rule 32 petition on the ground that the issues pertaining to ineffective assistance of trial counsel were, or could have been, presented on direct appeal).
The State cites Rule 32.9(d), Ala.R.Crim.P., and requests that we remand this cause to the circuit court so that the trial judge can make formal, written findings regarding the allegations of ineffective assistance of counsel. "Rule 32.9(a) states that if the trial judge does not dismiss the petition, the petitioner shall be entitled to an evidentiary hearing to determine the disputed issue of material fact regarding the contentions set out in the Rule 32 petition. Following the evidentiary hearing, the trial judge must 'make specific findings of fact relating to each issue of material fact presented.' " Temmis v. State, 698 So.2d 1170 (Ala.Cr.App. 1997) (quoting Rule 32.9(d), Ala.R.Crim.P.).
Cotton's allegations of ineffective assistance of counsel are not procedurally precluded on the grounds given by the circuit court. We remand this cause to the circuit court to make specific, formal, written findings regarding the allegations of ineffective assistance of counsel. A return to remand should be made to this court within 70 days of the date of this opinion.
AFFIRMED IN PART; REMANDED IN PART WITH INSTRUCTIONS.*
All the Judges concur.
* Note from the reporter of decisions: On September 26, 1997, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On October 31, 1997, that court denied rehearing, without opinion. On April 17, 1998, the Supreme Court denied certiorari review, no opinion (1970407).