BASCHAB, Judge.
On February 22,1995, the appellant, Thaddeus Trenau Evans, pled guilty to receiving stolen property in the first degree, a violation of § 13A-8-17, Ala.Code 1975. On March 31, 1995, the appellant was sentenced to a term of ten years imprisonment, with the sentence split to three years in custody and five years on probation. Two of the three years in custody were ordered to be served concurrently with a previous conviction, and the third year was ordered to be served consecutively to that previous sentence. The State had agreed to recommend a straight ten year sentence to run concurrently with the appellant’s previous sentence, but at the *779 time the appellant entered his plea and again at sentencing the trial court indicated that it would not necessarily follow the State’s recommendation.
On April 27, 1995, the appellant filed a notice of appeal to this court, along with a motion for the trial judge to recuse himself from the case. On May 1, 1995, counsel was appointed to represent the appellant on appeal, and this court affirmed the conviction without opinion on October 23, 1995. On April 9, 1996, the appellant filed a Rule 32 petition, and the trial judge recused himself from the case. The case was subsequently assigned to another judge. The appellant filed several motions asking for a “default” judgment in his favor due to the State’s failure to respond to his petition. The State finally filed its response on August 22, 1996.
In his pro se petition to the trial court, the appellant argued that the Constitution of the United States or the Constitution of the State of Alabama required a new trial, a new sentencing proceeding, or other relief. As grounds for his petition, he alleged that: (1) his plea of guilty was unlawfully induced or was not made voluntarily with an understanding of the nature of the charge and the consequences of the plea because he thought he was receiving a straight ten-year sentence, not a split sentence; (2) his trial counsel failed to file a motion requesting that the trial judge recuse from this case because the judge was the District Attorney when the appellant was indicted; (3) he received ineffective assistance of counsel because his attorney failed to investigate his ease, thereby causing the appellant to enter a guilty plea rather than proceed to trial; (4) he received ineffective assistance of counsel because his attorney told him he would receive a straight ten-year sentence, instead of the split sentence that was actually imposed; and (5) he received ineffective assistance of counsel because his attorney allowed him to be sentenced in a manner that violated the Double Jeopardy clause in that he was subjected to multiple punishments for the same offense. The State denied the appellant’s allegations, and further argued that his claims were precluded by Rule 32.2 because they could have been raised at trial or on appeal.
Without a hearing, the trial court issued an order denying the petition and stating that (1) the appellant had indicated during the plea colloquy that he understood the charge and the possible consequences of the plea and that he indicated he entered the plea voluntarily (but the trial court did not make a finding that the plea was in fact made knowingly and voluntarily); (2) the appellant was not convicted or sentenced twice for the same offense; and (3) the appellant could not be given relief under Rule 32 on any ground which could have been but was not raised on appeal unless the ground arose under Rule 32.1(b).
The appellant argues to this court the same issues he presented to the trial court, and additionally argues that the trial court erred in failing to grant him an evidentiary hearing on his Rule 32 petition. The State, while asserting that the appellant’s substantive claims are without merit, responded in its brief that this case should be remanded to the trial court for a ruling on the merits of the allegations of ineffective assistance of counsel and on the merits of the voluntariness of the guilty plea. We agree that the trial court erred in failing to rule on the merits of the appellant’s petition. Therefore, we remand this case to the trial court for a ruling on the merits of the appellant’s claim that he received ineffective assistance of counsel and for a ruling on the merits of whether his plea was made voluntarily.
The trial court denied the appellant’s claims on the basis of Rule 32.2(a)(5), Ala. R.Crim. P., which precludes relief under Rule 32 for any ground “[wjhich could have been but was not raised on appeal, unless the ground for relief arises under Rule 32.1(b).” In order for the appellant to have raised on direct appeal his claims of the ineffective assistance of his counsel or of the involuntariness of his plea, he would have first had to file with the trial court a motion for a new trial alleging ineffective assistance of counsel or a motion to withdraw his guilty plea on the grounds that the plea was not voluntary. Either motion had to be filed with the trial court no later than thirty days after imposition of his sentence in order for the trial court to have jurisdiction to review the mer *780 its of the claim. Rule 24.1, Ala. R.Crim. P.; Ward v. State, 527 So.2d 780 (Ala.Cr.App.1988). After the trial court ruled on the appellant’s motions, this court would be in a position to address the claims on appeal. Cantu v. State, 660 So.2d 1026 (Ala.1995).
In this ease, counsel was not appointed to represent the appellant until more than thirty days after he entered his plea of guilty, making it impossible for him to file a timely motion to withdraw his plea or for a new trial. The appellant’s counsel, upon being appointed to the case, filed a “Motion for Suspension of Time to File Motion for New Trial” on May 8, 1995, pursuant to Ex parte Jackson, 598 So.2d 895 (Ala.1992).[1] The trial court granted the motion that same day, but counsel never filed a new trial motion. However, since the trial court did not have jurisdiction to grant a Jackson motion filed more than thirty days after sentencing, this court would not have reviewed the appellant’s claims of ineffective assistance of counsel on direct appeal even if the untimely new trial motion had been filed. Ex parte Ingram, 675 So.2d 863, 866 (Ala.1996). Since the appellant could not have presented his claims of ineffective assistance of counsel on direct appeal, they are not procedurally barred by Rule 32.2(a)(5), Ala. R.Crim. P.
Likewise, the appellant’s claims concerning the voluntariness of his plea are not barred by Rule 32.2(a)(5), Ala. R.Crim. P., because he had to make a motion to withdraw his guilty plea no later than thirty days after sentencing to present the issue on direct appeal. Ward v. State, 527 So.2d 780 (Ala.Cr.App.1988). In Cantu v. State, 660 So.2d 1026 (Ala.1995), the Alabama Supreme Court held that the voluntariness of a guilty plea can be raised in a timely filed post-conviction motion, stating:
“We hold that even though a defendant could file a motion under the provisions of Rule 14 to withdraw a plea of guilty and could appeal a trial court’s ruling on that motion, the defendant would not be precluded from raising, in a timely filed post-conviction proceeding, the question of the voluntariness of the guilty plea. That was the holding in [Ex parte ] Rivers, [597 So.2d 1308 (Ala.1991) ], and the only holding in Rivers. Gordon v. Nagle [647 So.2d 91 (Ala.1994) ].
“Under either option, the trial court is given the first opportunity to review the issue of voluntariness of the guilty plea. This procedure enables the trial judge to pass on any points raised and also establishes a record on which an appellate court may base an informed and reasoned disposition of the appeal. The question of vol-untariness will first be put to the trial court, which can conduct an evidentiary hearing, and, if necessary, entertain collateral evidence in support of the defendant’s position. If a trial court rules against the defendant either on the motion to withdraw the guilty plea or on the Rule 32 petition, that ruling may be challenged upon appeal.”
660 So.2d at 1029 (citations added to original).
Based on Cantu, the appellant was not precluded from raising the voluntariness of his guilty plea in his Rule 32 petition. His claim is not procedurally precluded by Rule 32.2(a)(5), Ala. R.Crim. P.
For the foregoing reasons, this cause is remanded to the trial court to make a determination on the merits of the appellant’s claims concerning the voluntariness of his guilty plea and his claims concerning whether he received ineffective assistance of counsel. Due return shall be filed with this court no later than 42 days from the date of this opinion.
REMANDED WITH INSTRUCTIONS.
All judges concur.

On Return to Remand

BASCHAB, Judge.
On August 22, 1997, we remanded this case to the circuit court for that court to *781 “make a determination on the merits of the appellant’s claims concerning the voluntariness of his guilty plea and his claims concerning whether he received ineffective assistance of counsel.” Evans v. State, 722 So.2d 778 (Ala.Cr.App.1997). On January 16,1998, the trial court conducted an evidentiary hearing and entered the following order on the case action summary sheet: “Andrew Jones testified in open court. Rule 32 — Motion Denied.”
Rule 32.9(d), Ala. R.Crim. P., requires that, after conducting an evidentiary hearing on a post-conviction petition, the trial court “shall make specific findings of fact relating to each material issue of fact presented.” See also Cotton v. State, 712 So.2d 1109 (Ala.Cr.App.1997); Temmis v. State, 698 So.2d 1170 (Ala.Cr.App.1997); Ex parte Walker, 652 So.2d 198 (Ala.1994). Clearly, the trial court has not done that in this case. Therefore, we again remand this case to the trial court for that court to make specific, formal, written findings on the merits of the appellant’s claims concerning the voluntariness of his guilty plea and his claims that his counsel was ineffective. Due return shall be made to this court within 42 days of the release of this opinion.
REMANDED WITH INSTRUCTIONS.*
All judges concur.

. The Jackson procedure required a trial judge to extend a defendant's time for filing a new trial motion if the defendant was appointed new counsel on appeal and counsel moved for such an extension no later than thirty days after sentencing. This procedure was overruled in Ex parte Ingram, 675 So.2d 863 (Ala.1996), but was still in effect at the time of the appellant’s conviction.

 Note from the reporter of decisions: On August 14, 1998, on return to remand, the Court of Criminal Appeals affirmed, without opinion.