BASCHAB, Judge.
On September 27, 1995, the appellant, Richard Lewis Spence, filed a Rule 32, Ala. R.Crim. P., petition challenging his November 10, 1994, conviction for trafficking in cocaine. He alleged that his trial and appel *802 late attorneys were ineffective and that the evidence was not sufficient to support his conviction. After conducting an evidentiary hearing, the trial court denied the petition, finding as follows:
“This matter came on for consideration on the 9th day of August, 1996, on defendant’s Petition for Relief from Conviction or Sentence filed pursuant to Rule 32, Alabama' Rules of Criminal Procedure. The defendant was present in court and represented by the Honorable Dale Fuller, and the Court heard testimony, ore terms.
“The defendant earnestly contends that since the State did not deny the allegation of the Petition with regard to statements made by the District Attorney during the course of closing arguments, the Court must accept those statements as proven as a matter of law. This Court is a Court of record, and the statements complained of were recorded by means of electronic device, but nevertheless, they were recorded. A transcription of the recording shows the alleged statements were not made.
“After fully considering all allegations contained in the Defendant’s Petition for Relief from Conviction or Sentence, the Court finds that the same is due to be and is hereby DENIED in its entirety....
“Signed this 9th day of September, 1996.”
On December 4,1997, the trial court granted the appellant’s request for permission to file the present out-of-time appeal from the denial of that petition.
The State requests that we remand this case to the trial court so that court can address each material issue of fact raised by the appellant during the evidentiary hearing on his petition. Specifically, the State asserts that the trial court made findings of fact as to only one of several issues raised by the appellant. Rule 32.9(d), Ala. R.Crim. P., requires that, after conducting an evidentiary hearing on a post-conviction petition, the trial court “shall make specific findings of fact relating to each material issue of fact presented.” See also Cotton v. State, 712 So.2d 1109 (Ala.Cr.App.1997); Temmis v. State, 698 So.2d 1170 (Ala.Cr.App.1997); Ex parte Walker, 652 So.2d 198 (Ala.1994). The trial court did not address each material issue raised by the appellant. Accordingly, we remand this ease to the circuit court with instructions that that court make specific, formal, written findings regarding each material issue raised by the appellant. Due return should be filed with this court within 42 days after the release of this opinion.
REMANDED WITH INSTRUCTIONS.*
All judges concur.

 Note from the reporter of decisions: On August 14, 1998, on return to remand, the Court of Criminal Appeals affirmed, without opinion.