KELLUM, Judge,
dissenting.
I cannot agree to dismiss this appeal as moot on the ground that Christian Emerson Cornelison received all the relief he sought in his Rule 32, Ala. R.Crim. P., petition for postconviction relief.
In March 2010, Cornelison pleaded guilty to the unlawful manufacture of a controlled substance and was subsequently sentenced in May 2010 to 25 years’ imprisonment. This Court dismissed Corneli-son’s appeal on July 28, 2010, on the ground that Cornelison had failed to properly invoke his right to a direct appeal under Rule 14.4(a)(l)(viii) or Rule 26.9(b), Ala. R.Crim. P.
Cornelison filed a Rule 32 petition on or about March 16, 2011. In his petition, Cornelison alleged (1) that the $2,000 fine imposed pursuant to § 13A-12-218(a), Ala.Code 1975, was illegal because, he said, § 13A-12-218(a) did not apply to the unlawful manufacture of a controlled substance; (2) that his trial counsel was ineffective for not challenging the search warrant that led to the search and seizure of the evidence giving rise to the charge against him; and (3) that his trial counsel was ineffective for not filing a written motion to withdraw his guilty plea after he had orally moved to withdraw his plea at the sentencing hearing and that counsel’s failure to do so resulted in his appeal being dismissed. The circuit court summarily dismissed Cornelison’s petition.
On appeal, this Court remanded the case by order for the circuit court to allow Cornelison an opportunity to prove his three claims and for the court to issue specific findings of fact regarding each claim. On remand, the circuit court appointed counsel to represent Cornelison and scheduled an evidentiary hearing on the petition. The court then issued an order making three findings.
First, the circuit court found that, at the hearing on his petition, Cornelison had “withdraw[n] his claim that his attorney should have challenged the search warrant.” (Record on Return to Remand (“RTR”), C. 12.) The record on return to remand, however, does not contain a transcript of the hearing that was apparently conducted on Cornelison’s Rule 32 petition. As a result, it is impossible to adequately review whether the circuit court’s finding in this regard was correct, i.e., whether *942 Cornelison did, in fact, withdraw this claim. Therefore, I cannot agree that this claim is moot at this time.
Second, the circuit court found that Cornelison’s “request to delete the $2,000.00 Drug-Demand-Reduction Act Assessment is GRANTED,” and the court issued a separate order striking the $2,000 fine imposed on Cornelison. (C. 12.) Because Cornelison was granted relief on this claim, I agree that it is now moot and need not be considered by this Court on return to remand.
Finally, the circuit court found:
“[Cornelison’s] relief with regard to prior counsel not filing a written motion to withdraw his guilty plea is GRANTED. [Cornelison’s] current counsel is ORDERED to file a written motion to withdraw his guilty plea within seven (7) days of this date. Upon receipt of said motion, the Court will set a second evi-dentiary hearing on the motion to withdraw [the] guilty plea.”
(RTR, C. 12; capitalization in original.) The record on return to remand indicates that Rule 32 counsel complied with the court’s order and filed a written motion to withdraw Cornelison’s guilty plea on August 21, 2012,[4] over two years after Corne-lison had been sentenced. The circuit court conducted a hearing on that motion on August 23, 2012, and subsequently entered an order denying the motion.[5]
It is well settled that “[a] motion to withdraw a guilty plea is the functional equivalent of a motion for a new trial.” Wallace v. State, 701 So.2d 829, 830 (Ala.Crim.App.1997). Section 15-17-5, Ala. Code 1975, provides that a new trial may be granted on various grounds “[o]n motion filed within 30 days from entry of judgment.” Rule 24.1(b), Ala. R.Crim. P., likewise provides that “[a] motion for a new trial must be filed no later than thirty (30) days after sentence is pronounced.” “The 30-day ... statutory period for filing a motion for a new trial is jurisdictional.” Ex parte O’Leary, 417 So.2d 232, 240 (Ala.1982). See also Ex parte Ingram, 675 So.2d 863, 865 (Ala.1996) (describing the 30-day time limit for filing a motion for a new trial as “jurisdictional”). Indeed, it is well settled that a “trial court has no jurisdiction to consider an issue raised in an untimely motion for new trial.” Ross v. State, 581 So.2d 495, 496 (Ala.1991). As the functional equivalent of a motion for a new trial, a motion to withdraw a guilty plea must also “be filed with the trial court no later than thirty days after imposition of ... sentence in order for the trial court to have jurisdiction to review the merits of the claim” or claims raised therein. Evans v. State, 722 So.2d 778, 780 (Ala.Crim.App.1997).
Because Cornelison’s written motion to withdraw his guilty plea was untimely filed over two years after he was sentenced, the circuit court had no jurisdiction to consider the motion. Therefore, although the circuit court purported to grant Cornelison “relief’ on the claim in his Rule 32 petition that his trial counsel was ineffective for not filing a written motion to withdraw the guilty plea, because the “relief’ that was granted was to permit Cornelison to file an untimely written motion to withdraw his guilty plea over which the circuit court had no jurisdiction, Cornelison was, for all intents and purposes, denied relief on this *943 ineffective-assistance-of-counsel claim. Thus, I cannot agree that this claim is moot. Rather, I believe this Court should review whether the circuit court’s effective denial of relief on this claim of ineffective assistance of counsel was appropriate.[6]
For these reasons, I respectfully dissent.

. The written motion appears to contain the same claims Cornelison raised in the oral motion to withdraw his plea made at his sentencing hearing, a transcript of which is contained in the record before this Court.

. Cornelison filed a separate notice of appeal from the denial of his motion to withdraw his guilty plea. That notice of appeal has not yet been docketed by this Court.

. For purposes of this dissent, it is unnecessary for me to express an opinion as to the propriety of the circuit court’s denial of relief on this claim, and I decline to do so.