We reverse the trial court's summary denial of the second Rule 32, Ala.R.Crim.P., petition filed by Nelson Hall, the appellant, challenging his March 19, 1993, conviction for possession of marijuana and his sentence of 15 years in the penitentiary.
The appellant's first petition was summarily dismissed by the circuit court on July 25, 1994. That petition alleged that he had been denied effective assistance of counsel because, he said, trial counsel had advised him that if he pleaded not guilty the prosecutor would seek the maximum sentence and because, he said, counsel only briefly discussed the case with the appellant. The petition also alleged that his guilty plea was involuntary because, he said, he was advised that his 15-year sentence would not affect his 1996 release date, but he discovered in prison that he cannot be released before 2008. The petition also alleged entrapment. We affirmed the circuit court's denial of that petition by unpublished memorandum.Hall v. State, 668 So.2d 941 (Ala.Cr.App. 1995).
The appellant alleged the following in his second Rule 32 petition:
 — That he was denied effective assistance of counsel;
 — That he was sentenced as a habitual felony offender without benefit of a hearing;
 — That he was incorrectly sentenced under the Habitual Felony Offender Act, § 13A-5-9, *Page 955 
Ala. Code 1975, because, he says, he did not receive reasonable notice of the State's intent to apply the HFOA;
 — That the State failed to prove the existence of a prior felony because it did not introduce a certified copy of the minute entry showing that the appellant had been represented by counsel at the time of the prior conviction; and,
 — That he was not arraigned and he did not waive his right to be present at arraignment.
The State filed a motion to dismiss arguing:
 — That the petition was barred by the limitations period of Rule 32.2(c) because two years has elapsed since the date of his conviction on March 19, 1993;
 — That the petition was successive pursuant to Rule 32.2(b) because a prior petition had been dismissed on July 15, 1994;
 — That the issues were precluded from review pursuant to Rule 32.2(a)(3) because the issues could have been, but were not, raised on appeal;
 — That the appellant failed to establish any newly discovered material facts that require that the conviction or sentence be vacated pursuant to Rule 32.1(e);
 — That the sentencing order reflects that the appellant waived notice of the HFOA and that the appellant agreed to the 15-year sentence; and
 — That the appellant has failed to state a claim upon which relief can be granted.
The trial court ruled: "The court having considered the petition and the motion to dismiss, it is the opinion of the court that the motion to dismiss is due to be granted. It is therefore ORDERED AND ADJUDGED that the motion is granted, and the petition is dismissed." C.R. 32.
It was argued that the appellant's petition was untimely. The appellant's second Rule 32 petition was, however, timely filed. The appellant did not file a direct appeal challenging his conviction. Pursuant to Rule 32.2(c), Ala.R.Crim.P., a petition challenging a conviction not appealed to the Court of Criminal Appeals must be brought within two years after the time for filing an appeal lapses. In this case, the case action summary sheet reflects that the appellant was sentenced on March 19, 1993. Notice of appeal should have been filed on or before April 30, 1993 (42 days from sentencing). Therefore, the appellant's first Rule 32 petition, filed on June 17, 1994, was timely filed and addressed by this court. His second petition, according to the case action summary sheet (C.R. 3), filed on February 9, 1995, was also timely filed.
The appellant's issue regarding the application of the HFOA has merit. The appellant pleaded guilty to possession of marijuana, a Class C felony, which has a maximum sentence of 10 years in the penitentiary. Notice of the application of the HFOA may be waived absent a timely objection, but the implementation of an illegal sentence may be raised at any time. See Woodberry v. State, 625 So.2d 1159 (Ala.Cr.App. 1993) (notice to the defendant appears to be a procedural matter rather than a jurisdictional prerequisite to the application of the Habitual Felony Offender Act and, therefore, can be waived); Hunt v. State, 659 So.2d 998 (Ala.Cr.App. 1994) ("Matters concerning unauthorized sentences are jurisdictional and, therefore, can be reviewed even if they have not been preserved."). " 'The issue of an illegal or improper sentence may be raised in a petition for post-conviction relief even where no objection was raised at sentencing. Ex parte Brannon,547 So.2d 68 (Ala. 1989).' " Salter v. State, 606 So.2d 209, 212
(Ala.Cr.App. 1992).
The sentencing order is not part of the record on appeal as alleged by the State and there is nothing in the record that explains the circumstances of the appellant's sentence being enhanced beyond the 10-year maximum permitted for a Class C felony. There must be some basis for the enhancement, but neither the district attorney's motion to dismiss nor the court's order reflects the circumstances of the enhancement.
Therefore, the appellant raised an issue meritorious on its face that was not procedurally barred and was not addressed by the trial court. Therefore, the appellant is entitled to a hearing to determine whether his *Page 956 
sentence was properly enhanced pursuant to the HFOA.
The remainder of the issues raised by the appellant are procedurally barred by Rule 32.2(a)(2), (a)(3), (a)(4), (a)(5), or (b). Furthermore, the appellant asserted in his petition that he does "not wish to withdraw his plea of guilty," C.R. 13, but he wishes to challenge the implementation of the HFOA. Therefore, because the appellant does not challenge the implementation of the guilty plea, we consider issues in the petition challenging his conviction to be waived.
We find that the petition does state a ground for relief that requires a determination on its merits. Therefore, the judgment of the circuit court summarily denying the petition on the issue of the application of the HFOA is reversed and this case remanded. Additionally, the trial court is instructed to make specific findings of fact relating to each material issue of fact pursuant to Rule 32.9, A.R.Crim.P. Due return shall be filed in this court no later than 70 days from the date of this opinion.
REMANDED WITH INSTRUCTIONS.*
All the Judges concur.
* Note from the Reporter of Decisions: On March 8, 1996, on return to remand, the Court of Criminal Appeals affirmed, without opinion.