TAYLOR, Presiding Judge.
The appellant, Frank Handley, appeals the summary denial of his petition for post-conviction relief filed pursuant to Rule 32, Ala. R.Crim.P. In 1995, the appellant pleaded guilty to murder, a violation of § 13A-6-2, Code of Alabama 1975. He did not appeal his guilty plea, but he filed a Rule 32, Ala. R.Crim.P., petition with the trial court attacking his guilty plea. The state responded *540 and filed a motion to dismiss; the trial court granted the motion to dismiss.
The appellant raises several issues in his Rule 32 petition that could have been, but were not, raised on direct appeal and that are therefore not reviewable in this post-conviction proceeding. Rule 32.2(6), Ala. R.Crim.P. The appellant also contends that the trial court erred by not informing him when he pleaded guilty of the correct minimum sentence he could receive.
“We hold that even though a defendant could file a' motion under the provisions of Rule 14 to withdraw a plea of guilty and could appeal a trial court’s ruling on that motion, the defendant would not be precluded from raising, in a timely filed post-conviction proceeding, the question of the voluntariness of the guilty plea.”
Cantu v. State, 660 So.2d 1026, 1029 (Ala.1994); Bennett v. State, 649 So.2d 214 (Ala.1994). See also Parish v. State, 660 So.2d 231 (Ala.1994); and Gordon v. Nagle, 647 So.2d 91 (Ala.1994).
The record shows that the appellant pleaded guilty to murder, a Class A felony, and that the state proved one prior felony conviction. The minimum sentence for such a situation under the Habitual Felony Offender Act, § 13A-5-9, is 16 years. However, the Explanation of Rights and Plea of Guilt form signed by the appellant shows the minimum sentence as 10 years.
Because the appellant did not request a copy of the trial court transcript for this appeal and because he did not appeal his guilty plea, this court has no record from which to ascertain whether the appellant was informed of the correct range of punishment. The state has requested that this ease be remanded to the trial court for it to cite to the applicable portions of the transcript that will show whether the appellant was correctly informed of the correct range of punishment during the plea colloquy and, if not, to allow the appellant the opportunity to withdraw his plea.
For the foregoing reasons, this case is remanded to the Circuit Court for Jefferson County. Due return should be filed in this court no later than 42 days from the date of this opinion.
REMANDED WITH DIRECTIONS.
All the Judges concur.