ON RETURN TO REMAND
The appellant, Frank Handley, appeals from the summary denial of his petition for post-conviction relief filed pursuant to Rule 32, Ala. R. Crim. P. We remanded this case, on the state's motion, for the circuit court to determine if the appellant had been correctly informed of the sentence he faced upon pleading guilty. Handley v. State, 686 So.2d 539 (Ala.Cr.App. 1996). See Cantu v. State, 660 So.2d 1026 (Ala. 1994).
The court has furnished us a copy of the guilty plea colloquy with the appellant. The colloquy shows that the appellant was informed that the minimum sentence he could receive was 10 years' imprisonment. The record shows that the appellant pleaded guilty to murder, a Class A felony, and that the state proved that the appellant had one prior felony conviction. The minimum sentence that the appellant could receive upon application of the Habitual Felony Offender Act, § 13A-5-9, is 15 years. The appellant was not correctly informed about the sentence he faced by pleading guilty.
When an accused who pleads guilty does so on the basis of misinformation as to the range of punishment the guilty plea is involuntary. Cantu. This case is remanded to the Circuit Court for Jefferson County for that court to allow the appellant to withdraw his guilty plea, if he so desires, or for other proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
All the Judges concur except COBB, J., who is not sitting.