On September 14, 1998, the appellant, Robert Lee Burns, pleaded guilty to the unlawful distribution of a controlled substance, see § 13A-12-211, Ala. Code 1975. Burns was sentenced to life imprisonment upon application of the Habitual Felony Offender Act ("HFOA"). Burns was also *Page 247 
sentenced to an additional 10 years' imprisonment for distributing a controlled substance within three miles of a school and within three miles of a public housing project. See §§ 13A-12-250
and 13A-12-270, Ala. Code 1975, respectively. Burns did not appeal that conviction.
On November 29, 1999, Burns filed a petition for post-conviction relief, pursuant to Rule 32, Ala.R.Crim.P., attacking his guilty plea conviction and sentence. Burns alleges in his petition that his guilty plea was involuntary because, he says, he was incorrectly informed of the minimum and maximum sentence.
Burns specifically argued:
 1. that the state did not provide him with notice that it intended to proceed under the HFOA;
 2. that the trial court did not inform him that the HFOA would apply;
 3. that the state did not adequately prove the prior felony convictions on which it relied; and
 4. that the trial court erred in taking judicial notice that the offense occurred within three miles of a school and within three miles of a public housing project.
In support of his contention that he was not informed of the proper sentence range, Burns attached a copy of the explanation-of-rights form, which stated:
 "Under the indictment returned against you in this case by the Grand Jury of Jefferson County, Alabama, you are charged with the crime of distribution of cocaine, which is a felony offense. In the event you plead guilty to said crime, or if the jury finds that you are guilty of said crime, the law provides for punishment by imprisonment in the penitentiary for not less that 10 years nor more than 99 [years] for such offense. Habitual Offender Act — not less than life."
(C.R. 38.)
Burns further alleged that his trial counsel was ineffective for not objecting to the state's failure to provide him with notice of its intent to proceed under the HFOA; for not objecting to the trial court's failure to inform him of the proper range of punishment; for not objecting to the state's failure to adequately prove the prior felony convictions on which it relied; and for not objecting to the trial court's taking judicial notice that the offense occurred within three miles of a school and of a public housing project.
On December 9, 1999, the state moved to dismiss Burns's Rule 32 petition. In its motion, the state contended that Burns had pleaded guilty to a "brokered or negotiated plea" and that Burns had been advised of the proper range of punishment for a conviction of unlawful distribution of a controlled substance upon the application of the HFOA. (C.R. 46.) The state further alleged that Burns's sentencing hearing ensured that his plea was voluntarily made with the knowledge of the consequences of his plea. In its motion the state refers to several exhibits, which apparently are contained in the court's file, but which are not attached to the state's motion or included in the record on appeal. On December 16, 1999, the circuit court issued a written order summarily denying Burns's Rule 32 petition. The circuit court stated in general terms that Burns's petition was precluded by Rule 32.2(a)(3), Ala.R.Crim.P., because the claims could have been, but were not, raised at trial and was also precluded by Rule 32.2(a)(5), Ala.R.Crim.P., because the claims could have been, but were not, raised on appeal. Additionally, the circuit judge found, based on his personal knowledge, that Burns had failed to meet his burden of proof with regard to his claims of ineffective assistance of counsel. This appeal follows.
The law and the record before us do not support the circuit court's determination that Burns's claims are precluded.
 "In order for a guilty plea to be considered knowing and voluntary, the defendant must be properly advised of the minimum and maximum sentences possible. *Page 248 Henry v. State, 639 So.2d 583 (Ala.Cr.App. 1994); Rule 14.4, Ala.R.Crim.P.
 "Pursuant to the Alabama Supreme Court's holding in Cantu v. State, 660 So.2d 1026 (Ala. 1994), we are constrained to find that the appellant can raise this claim for the first time in his Rule 32 petition, even though it was a matter that could have been, but was not, raised in the trial court by a timely objection, a timely motion to withdraw the guilty plea, or a timely motion for a new trial. Consequently, the appellant's claim is not, . . ., precluded by the provisions of Rule 32.2(a)(3) and (5), Ala.R.Crim.P."
Prichett v. State, 686 So.2d 1300, 1304 (Ala.Cr.App. 1996) (emphasis added). Thus, Burns's claim challenging the voluntariness of his guilty plea is not procedurally barred under Rule 32.2(a)(3) and (5), Ala.R.Crim.P.
This Court has previously held that, although "`notice of the application of the HFOA may be waived absent a timely objection, . . . the implementation of an illegal sentence may be raised at any time.'" Martin v. State, 687 So.2d 1253, 1255 (Ala.Cr.App. 1996), quoting Hall v. State, 676 So.2d 954 (Ala.Cr.App. 1995). In Exparte Rivers, 597 So.2d 1308 (Ala. 1991), the Alabama Supreme Court stated: "[I]f a defendant who is pleading guilty has a prior felony conviction, he must be advised of the proper sentence to which he is subject by virtue of the Habitual Felony Offender Act." Additionally, § 13A-12-211, Ala. Code 1975, classifies the offense of the unlawful distribution of a controlled substance as a Class B felony. A Class B felony carries a sentence range of "not more than 20 years or less than 2 years." See §13A-5-6(a)(2), Ala. Code 1975. Furthermore, regarding proof that a drug sale occurred within three miles of a school and/or housing project, this Court has held:
 "`[A]t the sentencing hearing, the state must prove by "the preponderance of evidence" that the sale occurred within a three-mile radius of a school campus. Ex parte Johnson, 597 So.2d 1305, 1306
(Ala. 1991). See also Rule 26.6(b)(2), Ala.R.Crim.P. This . . . requirement is met if a witness testifies that he has measured the distance from the school campus to the location of the sale and that the site of the sale is within the three-mile radius. It is not sufficient for the trial court to take judicial notice of the fact that the crime occurred within three miles of a school campus.'
 "Cunny v. State, 629 So.2d 693, 696 (Ala.Cr.App. 1993) (citations omitted)."
Brock v. State, 697 So.2d 1197, 1198 (Ala.Cr.App. 1996) (emphasis added).
From the record before us, we cannot determine whether, in fact, Burns voluntarily entered his guilty plea — that is, if he was properly informed of the correct range of punishment before he pleaded guilty. Additionally, we are unable to determine what evidence the trial court relied on to enhance Burns's sentence under the HFOA and the school yard and housing project enhancement statutes. It appears that Burns has presented facially meritorious claims; therefore, we must remand this cause for the circuit court to make specific findings of fact concerning Burns's claim that his guilty plea was involuntary. Martin v. State, supra. The circuit court should determine whether Burns was informed of the proper range of punishment before he pleaded guilty; whether the state provided sufficient notice of its intent to proceed under the HFOA or, if not, whether Burns waived the notice requirement; whether the state provided sufficient proof of his prior felony convictions; and whether the state provided sufficient proof that the sale occurred within three miles of a school and of a housing project. Moreover, if the circuit court determines that any of the aforementioned claims have merit, the circuit court should also address Burns's claims alleging ineffective assistance of counsel. *Page 249 
On remand, the circuit court may consider the pleadings filed by the parties, including the transcript of the plea colloquy, any affidavits submitted, and the Rule 32 petition. Because the record on appeal indicates that the same judge presided over both the guilty plea proceeding and the Rule 32 proceeding, the circuit court may dispose of these claims by issuing written findings of fact based on the judge's personal recollection. If necessary, the circuit court may hold an evidentiary hearing pursuant to Rule 32.9, Ala.R.Crim.P. If a hearing is held, the circuit court should include a copy of the proceedings in its return to this Court. A return to remand shall be filed with this Court within 42 days of this opinion.
REMANDED WITH DIRECTIONS.
McMillan and Cobb, JJ., concur; Long, P.J., concurs in result only; Baschab, J., dissents without opinion.