WISE, Judge.
James Thomas Hill appeals from the circuit court’s denial of his petition for postconviction relief, filed pursuant to Rule 32, Ala. R.Crim. P., in which he attacked his conviction for rape in the first degree.
In August 1999, Hill entered a plea of guilty to rape in the first degree. Although Hill had initially been indicted for rape in the first degree, for burglary in the first degree because he was armed with a deadly weapon, for burglary in the first degree because he caused physical injury, *746 and for intimidating a witness (C.R.32-33), the State agreed to nol-pros all counts but rape in the first degree in exchange for his guilty plea. Hill was placed on notice that the State intended to use a prior conviction of burglary in the second degree to effect a mandatory sentence under the Habitual Felony Offender Act (“HFOA”) of life imprisonment. He was subsequently sentenced to life imprisonment.
In his Rule 32 petition, which was filed on August 28, 2001, Hill alleged, among other things, that he was not advised of the actual and correct minimum and maximum sentence for the offense to which he pleaded guilty. Regarding that claim, the circuit court stated in its order denying relief that the record did not support this contention. In pertinent part, the circuit court’s order, which is contained in the record before us, reads:
“The Defendant next alleges that he was not advised of the actual and correct minimum and maximum sentence for the offense to which he [pleaded] guilty. The court record, specifically ‘Court’s Exhibit A,’ refutes the defendant’s allegation.”
(C. 2.)
Our review of the record reveals that “Court’s Exhibit A,” referenced in the circuit court’s order, is actually the waiver-of-rights-and-entry-of-plea-of-guilty form that is routinely executed to apprise the defendant of his rights and of the minimum and maximum range of the sentence he may receive for the offense to which he pleaded guilty. Ireland v. State, 47 Ala.App. 65, 250 So.2d 602 (1971). That document stated that the range of punishment upon conviction or plea of guilty to a Class A felony with one prior felony under the HFOA was not less than 20 years nor more than 99 years or life for Hill’s conviction of rape in the first degree. We note, however, that § 13A-5-9(a), Ala.Code 1975, mandates the following:
“In all cases when it is shown that a criminal defendant has been previously convicted of a felony and after the conviction has committed another felony, he or she must be punished as follows:
[[Image here]]
“(3) On conviction of a Class A felony, he or she must be punished by imprisonment for life or for any term of not more than 99 years but not less than 15 years.”
Thus, it appears that Hill may have been misinformed about the sentence range he faced by pleading guilty. However, because Hill was initially charged with several felony offenses, at least one of which involved the use of a deadly weapon, it is possible that the trial court was presented with facts sufficient to trigger the sentencing enhancement provision codified at § 13A-5-6(a)(4), which provides “[f]or a Class A felony in which a firearm or deadly weapon was used or attempted to be used in the commission of the felony, [a minimum sentence of] not less than 20 years.” We note that the sentence of 20 years to life is the proper sentence range which could be imposed under the HFOA where the defendant has used a deadly weapon in the commission of the crime. Given these facts, we are unable to determine whether the minimum sentence Hill faced was 15 or 20 years’ imprisonment. Because we are unable to make an absolute determination that this was the rationale of the circuit court, we must remand this case to the circuit court with directions that the court clarify its findings of fact concerning Hill’s claim that he was not made aware of the minimum and maximum sentence authorized by law. See Burns v. State, 778 So.2d 246 (Ala.Crim.App.2000); Martin v. State, 687 So.2d 1253 (Ala.Crim.App.1996).
On remand, the trial court may consider the pleadings filed by the parties, includ *747 ing the transcript of the plea colloquy, any affidavits submitted, and the Rule 32 petition. The court may conduct such further proceedings or take such evidence as it deems necessary to address Hill’s claim. The trial court is authorized to take whatever action under Rule 32, Ala. R.Crim. P., is necessary to render a final judgment on the petition. Return to remand should include the transcript from any further proceedings, in addition to orders issued by the trial court and motions filed by the parties. The circuit court shall also take all action in sufficient time to permit the circuit clerk to make a proper return to this Court within 42 days of the release of this opinion.
REMANDED WITH DIRECTIONS. 
McMILLAN, P.J., and COBB, BASCHAB, and SHAW, JJ., concur.