WISE, Judge,
dissenting.
I respectfully dissent from the majority’s decision in its unpublished memorandum affirming on return to remand the circuit court’s denial of Christopher A. King’s Rule 32, Aa.R.Crim.P., petition for postconviction relief. Based on the record before us, I believe King is entitled to relief.
King alleged in his petition that his guilty plea to the offense of first-degree robbery was not voluntarily and knowingly entered because, he said, the circuit court did not correctly inform him of the minimum and maximum sentence he could have received on that charge. Indeed, this Court remanded this case to the circuit court for that court to make specific findings concerning King’s claim. King v. State, 853 So.2d 1048 (Ala.Crim.App.2002). In its “Order of Findings on Remand,” the circuit court found that it had, in fact, incorrectly advised King of the minimum sentence. Moreover, the court found that the correct minimum sentence had not *1050 been entered on Form CR-51. Nevertheless, the circuit court found the error to be harmless because, it concluded, King understood his sentence to be 20 years and he voluntarily pleaded guilty with that understanding.[1]
Rule 14.4(a), Ala.R.Crim.P., provides, in pertinent part:
“[T]he court shall not accept a plea of guilty without first addressing the defendant personally in the presence of counsel in open court for the purposes of:
“(1) Ascertaining that the defendant has a full understanding of what a plea of guilty means and its consequences, by informing the defendant of and determining that the defendant understands:
[[Image here]]
“(ii) The mandatory minimum penalty, if any, and the maximum possible penalty provided by law, including any enhanced sentencing provisions.... ”
I believe that the cases relied upon by the majority in its memorandum are distinguishable because those cases were decided before the adoption of Rule 14.4, Ala.R.Crim.P. Since the January 1, 1991, effective date of Rule 14.4, Alabama law has consistently held that when an accused pleads guilty on the basis of misinformation as to the range of punishment, the guilty plea is involuntary. See, e.g., Cantu v. State, 660 So.2d 1026 (Ala.1994); Burns v. State, 778 So.2d 246 (Ala.Crim.App.2000); Handley v. State, 686 So.2d 540 (Ala.Crim.App.1996).
Given the circumstances of this case, I would reverse the circuit court’s denial of King’s petition and remand this case for the circuit court to allow King to withdraw his guilty plea, if he so desires, or to enter a new plea after being correctly informed of the minimum and maximum sentence for first-degree robbery. Therefore, I must dissent.

. King was charged with first-degree robbery, a Class A felony. See § 13A-8-41, Ala.Code 1975. However, because he committed the robbery using a firearm, the minimum sentence he could receive was 20 years’ imprisonment. See § 13A-5-6(a)(4), Ala.Code 1975.