WISE, Judge
(dissenting).
I respectfully dissent from the majority’s decision in its unpublished memorandum affirming the circuit court’s denial of Charles Edward Hill’s Rule 32, Ala. R.Crim. P., petition for postconviction relief. Based on the record before us, I believe this case should be remanded for additional findings.
Hill alleged in his petition that his guilty pleas to the offenses of trafficking in cocaine and distribution of marijuana were not voluntarily and knowingly entered because, he said, the circuit court did not inform him of the potential minimum and maximum sentences he could have received on those charges.
Rule 14.4(a), Ala. R.Crim. P., provides, in pertinent part:
“[T]he court shall not accept a plea of guilty without first addressing the de *1182 fendant personally in the presence of counsel in open court for the purposes of:
“(1) Ascertaining that the defendant has a full understanding of what a plea of guilty means and its consequences, by informing the defendant of and determining that the defendant understands:
[[Image here]]
“(ii) The mandatory minimum penalty, if any, and the maximum possible penalty provided by law, including any enhanced sentencing provisions.... ”
Since January 1, 1991, the effective date of Rule 14.4, Alabama law has consistently held that when an accused pleads guilty on the basis of misinformation as to the range of punishment, the guilty plea is involuntary. See, e.g., Cantu v. State, 660 So.2d 1026 (Ala.1994); Burns v. State, 778 So.2d 246 (Ala.Crim.App.2000); Handley v. State, 686 So.2d 540 (Ala.Crim.App.1996). Because the circuit court’s order states only that Hill’s claims are without merit and does not specifically address Hill’s claim that he was not advised of the potential minimum and maximum sentence he could receive upon pleading guilty, I would remand this case for the circuit court to make specific findings regarding this claim. Therefore, I must dissent.