WISE, Judge
(concurring in part and dissenting in part).
I concur with the majority’s decision to affirm White’s convictions and sentences for two counts of unlawful distribution of a controlled substance. However, I respectfully dissent from the majority’s decision to reverse White’s conviction for trafficking in cocaine based on a guilty plea. The record indicates that the Ireland form executed by White incorrectly stated that the range of punishment White faced was life imprisonment without the possibility of parole, rather than either life imprisonment or life imprisonment without the possibility of parole. The majority’s rationale is based on this Court’s decision in Handley v. State, 686 So.2d 540, 541 (Ala.Crim.App.1996), citing Cantu v. State, 660 So.2d 1026 (Ala.1994), in which we stated: “When an accused who pleads guilty does so on the basis of misinformation as to the range of punishment the guilty plea is involuntary.” Handley involved a situation where Hand-ley was advised that the minimum sentence he faced was 10 years, when, in fact, the minimum sentence Handley could receive was 15 years’ imprisonment. Thus, Handley’s substantial rights were prejudiced by this misinformation.
By contrast, White chose to plead guilty despite being misinformed that he would be sentenced to a harsher term of imprisonment than actually provided for by law. Although White was not correctly informed of the minimum and maximum range of sentences, I fail to see how he was prejudiced by this error. See Rule 45, Ala.R.App.P. In my opinion, the trial court correctly denied White’s motion to withdraw his guilty plea to the charge of trafficking in cocaine. Accordingly, I would affirm White’s conviction and sentence for *1216 trafficking in cocaine.[4]

. Any review of this sentence should be obtained by White filing either a petition for postconviction relief, pursuant to Rule 32, Ala.R.Crim.P., or a motion for sentence reconsideration, pursuant to § 13A-5-9.1, Ala. Code 1975.